Sykes et vir, Appellants, *v.* Southeastern Pennsylvania Transportation Authority.

Argued June 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Gary Green*, with him *Wilbur Greenberg*, and *Sidkoff, Pincus, Greenberg, Wapner & Golden*, for appellants.

*Norman M. Hegge, Jr.*, with him *Joseph F. Kevner, Jr.*, for appellee.

OPINION BY JACOBS, J., September 19, 1973:

In this case plaintiffs appeal the dismissal of their complaint with prejudice which in effect terminated their cause of action and barred any attempts at amendment. The dismissal was based on a demurrer which was properly sustained. However, on the state of the record, the action barring further attempts at amendment was prematurely taken by the court below.

On November 13, 1972, plaintiffs, Minnie and Milton Sykes, commenced an action in assumpsit against defendant, Southeastern Pennsylvania Transportation Authority. Their complaint alleged that on July 27, 1967, plaintiff-Minnie Sykes was injured when she was "thrown, suddenly and violently," while riding as a passenger on defendant's bus. Plaintiffs further alleged that this incident was solely the result of a breach by defendant of its express and implied warranty to transport plaintiff safely and comfortably. Defendant filed preliminary objections, claiming that the complaint did not state a cause of action and was a "spurious attempt" to avoid the 2-year statute of limitations for wrongful personal injury which had already expired. On January 16, 1973, the lower court ordered and decreed that the plaintiffs' complaint be dismissed with prejudice. In its decision, the lower court held that the law implied no warranty of safe transport for passengers by a carrier. Furthermore, the court found that the complaint did not aver any facts to show that defendant expressly agreed to warrant safe carriage. The plaintiffs appealed to this Court on February 7, 1973.

It was proper for the lower court to dismiss plaintiffs' complaint which was based on the theory of breach of warranty for the following reasons: First, the law does not impose on carriers the implied duty to warrant safe carriage regardless of the negligence of third persons or other events. As our Supreme Court stated in *Griffith v. United Air Lines, Inc.*: "[A] public carrier owes to its passengers a high degree of care, but it is not an insurer of their safety. . . . Liability may be imposed only for injuries resulting from negligent conduct." 416 Pa. 1, 8, 203 A.2d 796, 799 (1964) (footnote omitted). Second, the plaintiffs in their complaint failed to aver any facts to show an express

agreement by the defendant to warrant safe carriage. All that is averred is that plaintiff bought a ticket from the defendant. We agree with the lower court that this in itself does not show an express warranty of safe carriage.

After the appeal was taken and the case was in this Court, the plaintiffs attempted to get the order reconsidered or, in the alternative, to get permission to file an amended complaint. By virtue of the appeal, the case was out of the hands of the lower court and it could do nothing about the petition.

Plaintiffs, without objection, have included in their printed record a copy of their petition to amend. The proposed amended complaint in assumpsit instead of claiming breach of warranty avers breach of a contract of nonnegligent carriage. The latter is a good cause of action. See *Griffith v. United Air Lines, Inc.,* supra; *Scott v. Eastern Air Lines, Inc.,* 399 F.2d 14 (3d Cir.), cert. denied, 393 U.S. 979 (1968).

Apparently, the lower court put plaintiffs out of court because it believed that any attempts to amend would be barred by the statute of limitations. That is probably correct so far as the proposed amended complaint produced at argument before us is concerned. Whether it be brought in assumpsit or trespass, a suit for breach of nonnegligent carriage is brought for injuries wrongfully done to the person and falls within the bar of the 2-year statute of limitations for personal injuries. Act of June 24, 1895, P. L. 236, §2, 12 P.S. §34.[1]

---

[1] An exception to the 2-year statute of limitations for wrongful personal injuries exists where a person is injured through breach of contract on a sale of goods. Section 2-725 of the Uniform Commercial Code, Act of April 6, 1953, P. L. 3, §2-725, *eff.* July 1, 1954, *reenacted* October 2, 1959, P. L. 1023, §2, *eff.* January 1, 1960, provides a 4-year statute of limitations in such case. *See Gardiner v.*

However, the statute of limitations in this case is a waivable defense. *See Bellotti v. Spaeder,* 433 Pa. 219, 249 A.2d 343 (1969) ; *Smith v. Pennsylvania R.R.,* 304 Pa. 294, 156 A. 89 (1931). It is not a defense absolute which will be taken notice of by the court nor may it be raised by preliminary objection. *Royal Oil & Gas Corp. v. Tunnelton Mining Co.,* 444 Pa. 105, 282 A.2d 384 (1971) ; *Quaker City Chocolate & Confectionery Co. v. Delhi-Warnock Bldg. Ass'n,* 357 Pa. 307, 53 A.2d 597 (1947). It was thus improper for the court below to foreclose plaintiffs from making any attempts to amend at that stage of the proceedings.

Our action does not mean that the defendant may not raise the defense of the statute of limitations, but only that it must be raised in a proper pleading. As a general rule, a court will not permit an amendment introducing a new cause of action after the statute of limitations has run. *Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 219 A.2d 676 (1966). That rule is designed to protect a defendant from being deprived of his right to plead the statute of limitations. 22 P.L.E. *Limitation of Actions* §108 (1959). Such would be the case where the original complaint was filed within the period allowed by the statute of limitations, but the amended complaint introduced a new cause of action after the statute of limitations had expired. If the amendment were allowed, the new cause of action introduced would be timely since the amended complaint relates back to the date the original complaint was filed. 3 Standard Pennsylvania Practice 681 (1952). In that situation it would be proper for the court to deny the amendment. Otherwise, the defendant would be prejudiced in not being able to plead the defense of

---

*Philadelphia Gas Works,* 413 Pa. 415, 197 A.2d 612 (1964). The exception is not applicable here.

the statute of limitations. However, in the present case, defendant will not be deprived of its right to plead the statute of limitations by the proposed amendment because the original complaint was filed on November 13, 1972, long after the 2-year statute of limitations had expired on the personal injury claim. Any relation back of the proposed amendment to that date will not bring the new cause of action within the statutory period. Thus, the defendant will be able to plead the defense of the statute of limitations, if it so desires, in the new matter of its answer to the amended complaint. Pa. R. C. P. 1030.

The action sustaining defendant's demurrer is affirmed, but the order dismissing plaintiffs' complaint with prejudice is reversed with directions that plaintiffs be given a reasonable time within which to file their proposed amended complaint.