## Smith v. Harrisburg Taxicab and Baggage Company

*Jeffrey A. Ernico,* for plaintiff.
*Richard C. Angino,* for defendant.

WICKERSHAM, *J.*, October 4, 1976—Plaintiff as a passenger in a common carrier has exercised her option of pursuing her suit for negligent carriage in assumpsit, hoping thereby to circumvent the provision of the Pennsylvania No-Fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489 (No. 176), 40 P.S. §1009.101 et seq.

On December 13, 1975, plaintiff Katie F. Smith of Harrisburg engaged the services of Harrisburg Taxicab and Baggage Company, defendant, and became a passenger in one of defendant's taxicabs numbered 92. She was accompanied by her friend Mary Jackson. When the cab came to a stop at Cameron and Market Streets in Harrisburg in order to discharge Mrs. Jackson, plaintiff opened the left rear door of the vehicle to permit Mrs. Jackson to alight therefrom, and at the same time defendant's driver opened the left front door of the vehicle. In order to assist Mrs. Jackson in stepping out of the vehicle, plaintiff grasped the support member between the front and rear doors and while in this posture, defendant's driver, without warning, closed the left front door upon the right hand and fingers of plaintiff, causing her personal injury.

In her complaint, plaintiff charges defendant with having breached its contract of non-negligent carriage. Defendant has filed preliminary objections raising, inter alia, a petition raising a question of jurisdiction alleging that section 301 of the No-Fault Motor Vehicle Insurance Act abolishes tort liability for injuries arising out of the maintenance or use of a motor vehicle in all but a limited number of exceptions, a motion to strike provisions of the complaint seeking damages for pain, suffering, discomfort and inconvenience, alleging that such damages are not recoverable in an action in assumpsit.[1]

---

1. Argued in Pre-Trial Argument Court June 21, 1976; Jeffrey A. Ernico, Esquire, and Yoffe & Ernico, Inc., for plaintiff and Richard C. Angino, Esquire, and Hurwitz, Klein, Benjamin & Angino for defendant.

On July 19, 1975, the Pennsylvania No-Fault Motor Vehicle Insurance Act went into effect with the avowed purpose of establishing a uniform system of compensating victims of motor vehicle accidents, 40 P.S. §1009.102. Coverage is afforded for medical expenses, work loss, replacement service loss, funeral expenses, and survivor's loss "for bodily injury to an eligible person due to an accident resulting from the maintenance or use of a motor vehicle as a vehicle." Regulations: 31 Pa. Code §66.2(A). A hierarchy of universal coverage was established so that all victims of motor vehicle accidents could recover their out-of-pocket losses. Section .204.

In order to fund the payment of out-of-pocket expenses to all victims and to additionally reduce the cost, by 15 percent the first year, §.504(b), of personal injury insurance, the legislature intended by the No-Fault Act to abolish third party actions for minor injury claims except for certain enumerated defendants and for certain damages. See section .301.

Section .301(a)(4) prohibits suits for out-of-pocket losses recoverable on a first party no-fault basis. Section .301(a)(5) eliminates any claim for general damages unless certain thresholds are met.

Plaintiff certainly does not fit into any of the other exceptions enumerated under section .301(a) and therefore presumably is basing her claim solely on the assumpsit caption of her action. It is true that plaintiff, as a passenger in a common carrier, has the option of pursuing her suit of negligent carriage in either assumpsit or trespass: Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A. 2d 796 (1964). Despite this option which

is entrenched in history: M'Call v. Forsyth, 4 W. & S. 179 (1842), tort principles such as negligence and contributory negligence, the two-year personal injury statute rather than the six-year contract statute of limitations, etc., apply: Sykes et vir v. S.E. Pa. Trans. Auth., 225 Pa. Superior Ct. 69, 310 A. 2d 277 (1973). Plaintiff actually is bringing a tort claim for tort damages and is governed by tort rules even though her caption may be "Assumpsit."

Certainly the legislature never intended for accident victims who coincidentally happen to be passengers in common carriers to be in a separate class. If the legislature had, it could have specifically excluded them as it excluded motorcycle owners and operators, section .301(a)(6), and automotive manufacturers, section .301(a)(2). Since such passengers can, under the wording of the No-Fault Act and the No-Fault Regulations, obtain no-fault benefits, a truly absurd result would occur if these same passengers were not bound by the no-fault limitations. Otherwise, these passengers could receive payment for their medical bills, lost wages and other out-of-pocket expenses under the No-Fault Act and still turn around and sue for the same losses in an assumpsit claim against third party common carriers.

Our court recently held in Walburn v. Nationwide Mut. Ins. Co., 98 Dauph. 166 (1976), that a plaintiff's claim under the No-Fault Act must fail if the literal reading of a particular section of the Act violates the general intendment of the Act as a whole and if, in addition, an absurd result would therefore occur. Plaintiff's claim in the instant case is one of tort, no matter what the caption might show. The damages are tort damages.

Plaintiff is entitled to no-fault coverage and, consequently, should be bound by the no-fault limitations on third party actions. To hold otherwise would violate the uniformity purpose as espoused in the no-fault findings section .102(a). It would also create a special class of persons that would result in the whole act's having constitutional infirmities.

### AMENDED ORDER

And now, October 4, 1976, defendant's preliminary objection in the nature of a petition raising a question of jurisdiction is sustained, and plaintiff's complaint is dismissed, the court having no jurisdiction to hear this matter, said dismissal to be without prejudice to any future action by plaintiff which may plead a cause of action not abolished by the Pennsylvania No-Fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489.