## Hennen v. Kahn

*Homer W. King*, for plaintiffs.
*James F. Israel*, for defendant.

FINKELHOR, *J.*, January 24, 1980—This medical malpractice action is before the court on defendant Kahn's motion for judgment on the pleadings under the decision of Lamp v. Heyman, 469 Pa. 465, 366 A. 2d 882 (1976). This matter involves the interpretation of Pa.R.C.P. 1010, 1011 and 126. The issue is whether notice of plaintiffs' claim and negotiations for settlement will estop defendant from raising the defense of the statute of limitations as set forth in the Lamp decision.

Plaintiff alleges that surgery performed by defendant on August 5, 1974, was negligently or improperly performed; during the course of further medical treatment, he discovered this matter on or about April 30, 1976, and he then sought legal advice. His counsel entered into direct negotiations with the individual defendant Dr. Kahn. On or about November 18, 1977, a copy of the complaint was forwarded directly to the individual defendant

and this complaint was timely filed December 13, 1977, with the prothonotary. However, the complaint was not taken to the sheriff and service was not made within 30 days of filing.

In the interim, negotiations on plaintiffs' claim continued between plaintiffs' counsel and defendant's insurance carrier and, on or about January 27, 1978, the carrier requested authorization to obtain plaintiff's medical records. Plaintiffs further allege that it was their understanding that counsel for the carrier was to enter an appearance and accept service of the complaint on the record.[1] On or about July 17, 1978, plaintiffs' counsel was informed that no appearance had been entered and the complaint was reinstated on July 13, 1978. On July 18, 1978, service was made by the sheriff upon defendant. Defendant contends that the action expired in April/May 1978—two years after the discovery of the injury.

Thus, based on the facts, the question of law before the court is whether the individual defendant was "served" in November 1977 and whether subsequent negotiations with defendant's carrier were sufficient to toll the application of the Lamp rule. Pa.R.C.P. 1009, captioned Service, provides that the writ, or the complaint "shall be served by the sheriff within 30 days after issuance or filing." Pa.R.C.P. 1010 further provides that the prothonotary, upon praecipe and upon presentation of the writ or the complaint, shall continue its validity by reissuing the writ or reinstating the complaint by writing thereon "reissued" in the case of a writ, or

---

1. Plaintiffs, in their answer to defendant's motion, have not alleged fraud or misrepresentation, but rather misunderstanding.

"reinstated" in the case of a complaint. This reissued or reinstated writ or complaint "shall be served by the sheriff within 30 days after reissuance, reinstatement or substitution." Pa.R.C.P. 1011 provides that "[i]n lieu of service by the sheriff, defendant may accept service of the writ or complaint."

It is defendant's position that, as the initial complaint, filed December 13, 1977, was not delivered by plaintiffs to the sheriff for service, in accordance with the practice in Allegheny County, and since service was not made until July 18, 1978, after reinstatement and seven months after filing the complaint, plaintiff has failed to comply with the provisions of Lamp v. Heyman, supra, and is barred by the statute of limitations.

It is plaintiffs' position that the purpose and intent of Lamp v. Heyman has not been violated in these proceedings and that the individual defendant, in fact, received a copy of the complaint and that negotiations were proceeding on the claim. Plaintiffs have attached to both their answer to new matter and their answer to judgment on the pleadings the various correspondence that transpired between plaintiffs and defendant's insurance carrier and counsel.

It has been clearly stated by the Lamp court that, while the filing of a praecipe or complaint will toll the statute of limitations, such a writ "shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." It has been further held that, in Allegheny County, local practice requires plaintiff to deliver the writ to the sheriff, together with a direction for service: Dzvonick v. Shaeffer, 125

Pitts. L.J. 253 (1977), aff'd per curiam, 259 Pa. Superior Ct. 615, 393 A. 2d 1285 (1978). It has also been held that mere negotiations between the parties is insufficient to provide an exception to the Lamp rule:[2] Snyder v. North-South Bowl (No. 1862 Jan. term, 1974, C.P. Allegh. Co.), aff'd per curiam, _____ Pa. Superior Ct. _____, 397 A. 2d 1232 (1979).

It is well established in this Commonwealth that the statute of limitations is a waivable defense: Sykes v. Southeastern Pa. Transportation Auth., 225 Pa. Superior Ct. 69, 310 A. 2d 277 (1973). However, mere negotiations toward an amicable settlement do not afford a basis for estoppel nor do mistakes, misunderstandings or lack of knowledge, in and of themselves, toll the running of the statute: Com. v. UEC, Inc., 483 Pa. 503, 397 A. 2d 779 (1979); Walters v. Ditzler, 424 Pa. 445, 227 A. 2d 833 (1967); Hocking v. Howard Ins. Co., 130 Pa. 170, 18 Atl. 614 (1889). However, where fraud or concealment has occurred, defendant is estopped from invoking the law of limitations of action.

In Com. v. UEC, Inc., supra, the Supreme Court stated, at p. 513, as follows:

"We have further stated that the 'fraud or concealment' necessary to establish a case for application of estoppel principles to prevent a defendant from asserting a statute of limitations does not mean fraud or concealment in 'the strictest sense encompassing an intent to deceive, but rather fraud in the broadest sense which includes an unin-

---

2. Where delay occurs through no fault of plaintiff, i.e., misfiling or an NEI return, the Lamp doctrine does not apply: Beck v. Minestrella, _____ Pa. Superior Ct. _____, 401 A. 2d 762 (1979); Manners v. Snap-On Tool, (No. GD 76-5886 Alleg. Co. C.P.).

tentional deception . . . (citation omitted). It is not the intention of the party estopped but the natural effect upon the other party which gives vitality to an estoppel.'" (Citations omitted.)

In view of the plethora of Lamp cases coming before the common pleas court on the general argument list, there is no question that plaintiffs' counsel must have known of the inherent danger in failing to deliver the complaint to the sheriff for service. However, this matter goes one step beyond "mere negotiations." First, plaintiffs' counsel had direct contact with the individual defendant as to the nature of the claim against him. Second, a copy of the complaint was allegedly sent to the individual defendant, *albeit* prior to filing. Third, the insurance carrier requested authorization for plaintiff's medical records and negotiations were beyond the mere notice of the claim stage. This was not a case, as referred to in Lamp, where defendant was in the dark concerning the action being brought against him; he had full knowledge, even as to the specific allegations of negligence to be included within the formal complaint.

The operation of the Lamp rule is a serious matter. Plaintiff is "thrown out of court" before he has a chance to prove his cause of action. We agree with the Lamp doctrine that stale claims must be removed from the court calendar and that plaintiff may not continue to reissue and reissue a complaint without notice to defendant.

There is no question that, technically, plaintiffs did not comply with the Lamp decision. The complaint was filed but never taken to the sheriff for service and it was not until the complaint was reissued seven months later that service was made.

Service of a complaint prior to filing has no legal validity: Fumo v. Brown, 58 Del. Co. 394 (1970).

Certainly defendant would not be expected to answer a complaint that had not yet been filed. However, Pa.R.C.P. 1011 permits service on the defendant by means other than the sheriff.

In prefacing their decision in Lamp, the Supreme Court noted, 469 Pa. at 472, 366 A. 2d at 886:

"We note that it has become a relatively common practice throughout the Commonwealth for attorneys to file a praecipe with the prothonotary to toll the statute of limitations but then, whether because settlement negotiations are in progress or because more time is needed to prepare the case, to delay or prevent service to the defendant. . . . It is clear that the various courts which have been presented with the question have reflected a wide division . . . The consequence of such division has unfortunately been to undermine the uniformity of practice and the predictability of result envisioned by this Court when it promulgated Rule 1007."

However, it is equally well established that the Rules of Civil Procedure are not ends, but rather the means to effectuate a lawsuit.

Pa.R.C.P. 126 provides for liberal interpretation to secure the "just, speedy and inexpensive" determination of every action and permits the court to "disregard any error or defect of procedure which does not affect the substantial rights of the parties."

In these proceedings, the individual defendant and his insurance carrier had full knowledge of plaintiffs' claim; had received a copy of the complaint; had requested authorization for medical records and had engaged in correspondence from November 18, 1977. (See Exhibits to plaintiffs' answer to judgment on the pleadings.) In fact, it was plaintiffs' belief that counsel for the carrier would enter an appearance without further service.

200

Stated bluntly, we do not believe that this is the type of fact situation contemplated by Lamp v. Heyman, supra. It has long been a practice of the Allegheny County Bar to engage in negotiations prior to effecting service of the complaint and plaintiffs' counsel assumed that the matter would proceed in an amicable fashion and that strict compliance with the Rules had been waived.

Therefore, under the specific facts of this case, defendant is estopped from raising the Lamp defense.

An appropriate order is attached hereto.

### ORDER

And now, January 24, 1980, upon defendant's motion for judgment on the pleadings and after full consideration of the briefs and arguments of counsel, it is hereby ordered, adjudged and decreed that said motion is denied and this matter shall proceed to trial.