**Baker v. Pittman**

*Scott A. Fleischauer*, for plaintiffs and additional defendants.
*William J. Stokan*, for defendant.

BRUMBAUGH, *J.*, April 8, 1981—On July 16, 1979—just four days prior to expiration of the applicable statute of limitations—plaintiffs Baker, husband and wife, instituted this action in trespass by filing their complaint against defendant Pittman to recover for injuries sustained in a vehicle accident which occurred on July 20, 1977. Defendant was served on July 18, 1979, just two days prior to expiration of the statute of limitations. Thereafter, on or about July 27, 1979[1] defendant's counsel contacted[2] plaintiffs' counsel and was granted an extension of time[3] within which to respond.[4] Defendant's answer was filed on October 5, 1979 and contained not only a joinder of plaintiff-husband Baker as an additional defendant under new matter, but also a counterclaim against said plaintiff-husband for defendant's injuries arising from the same accident; this answer was served on counterdefendant-plaintiffs' counsel on or the day

1. While the exact date of contact is approximate, it appears certain that the limitations period had already expired.

2. Apparently an oral or telephone communication, no letter or other writing being produced or referred to by either counsel.

3. No time certain was set, the extension therefore being open-end, although a "reasonable" time may be implied from the circumstances.

4. While the extension agreement is unclear as to whether response other than denial of the allegations of the complaint was contemplated or foreseen, the same is probable; however, no waiver of the right to assert the statute of limitations by plaintiffs in replication is either asserted by defendant or to be implied. See footnote 1 above.

preceding its filing. Counterdefendant (plaintiff-husband Baker) sought neither consent of defendant-counterclaimant's counsel nor approval by court order of an extension of time within which to respond to the counterclaim, but on July 1, 1980 filed a reply thereto raising under new matter preclusion of said counterclaim by virtue of expiration of the two year statute of limitations. Ten days thereafter, on July 11, 1980, defendant-counterclaimant Pittman timely filed preliminary objections demurring to and seeking to strike the aforesaid reply with new matter on the ground that the defense of the statutory limitations period to the counterclaim was waived by failure to plead it within the 20-day time period provided by the Pennsylvania Rules of Civil Procedure.

The ultimate issue for our determination is whether the preliminary objections to the new matter of counterdefendant Baker should be sustained or overruled, but in order to arrive at such a decision several other inquiries must first be resolved.

Initially, we are unable to accept the contention of counterclaimant Pittman that his failure to assert his claim against Baker within the limitations period is the fault of the Bakers for delaying assertion of their claim against him. The Bakers timely, rather than belatedly, filed their suit within the statutory period, and thus it was not in this sense "delayed." If Pittman chose to counterpunch, then he must run the risk that the initial lead of Bakers might be a knockout blow. Pittman made an election, for there was nothing to prevent him from commencing suit first and independently. While it may be argued that one reason for refraining from one's own suit is that the claim is insignificant as an independent action, an equally plausible possi-

bility for such initial restraint may be a feeling that the claim is not particularly meritorious. But whatever the reason for his original inaction, the fact remains that Pittman had the same opportunity to bring suit, the same freedom of decision, for the same two-year period which applied to the Bakers. Why should Pittman have a longer period of time? The Bakers did nothing to mislead him and did nothing affirmative to cause him to sit back and wait.

While we have the greatest respect for our friend and esteemed colleague, President Judge John K. Reilly, Jr. of Clearfield County, we are unable to agree with the rationale for his decision in Marafine v. Campolongo, 3 D. & C 3d 735 (1977). This decision represents, moreover, a minority and singular view among the courts within this Commonwealth. As observed by the opinion of the Federal District Court in Gumienik v. Lund, 314 F.Supp. 749, 751 (W.D. Pa. 1970):

"We find the general rule in Pennsylvania to be that a cause of action which would be barred as an original action, because of the statute of limitations, may not be asserted as a counterclaim after the expiration of the statutory period. Woodland Oil Company v. A. M. Byers & Co., 223 Pa. 241, 72 A.518 (1909). (See Deane et al. v. Greenbaum et al. (Bucks Co., Pa. 1951) 77 Pa. Dist. & Co. R. 569, for an extensive review of the Pennsylvania authorities on this proposition)."

Like the present case, both Gumienik and the Deane decision cited therein dealt specifically with settings in which the two year limitations period was applied to claims arising from injuries resulting from automobile accidents. A situation akin to

the instant matter was likewise determined for the court en banc by Judge Hourigan in Petrilla v. Bird, 60 Luz. L.J. 137, 137-38 (1970), wherein the opinion stated:

"In Deane et al. v. Greenbaum et al., 77 D. & C. 569 (1951) the Court was faced with almost identical circumstances. After a review of prior practice in Pennsylvania, the Court, in sustaining plaintiff's motion for judgment on the pleadings, concluded at page 573:

"'It appears to the court that the same reasons which motivated the courts in finding that set-offs and counterclaims must be pleaded within the two-year period in order to be effective, are as applicable under our modern practice as under former practice. To hold otherwise would be to permit the statute of limitations involving personal injuries arising out of motor vehicle accidents to remain in a state of suspension pending possible action by the opposite party for damages to the motor vehicle. The two-year period affords the injured person ample time to protect his interests.'

"We hold, therefore, that Pa.R.C.P. 1046, permitting counterclaims in trespass actions, does not allow a defendant to file a counterclaim more than two years after the occurrences giving rise to the injury, since the claim is barred by the Statute of Limitations." Accord: see Reffner v. Tipton (No. 4), 30 Somerset 277 (1975).

It was never intended that a Rule of Civil Procedure could abrogate or nullify a statutory limitations period, nor can such period be circumvented or modified by the same. By the very legislation authorizing the promulgation of procedural rules in civil actions it has uniformly been expressly

provided that these rules shall not "affect any statute of limitations" (Act of June 21, 1937, P.L. 1982, no. 392, sec. 1, as amended, 17 P.S. §61, repealed effective June 27, 1978), or "suspend nor alter any statute of limitation or repose" (Judicial Code, 42 Pa.C.S.A. §1722, effective June 27, 1978). No interpretation of any procedural rule will be permitted so as to extend or enlarge a statutory limitations period, for there may be no judicial usurpation of a legislative function.

On the other hand, the bar of the statute of limitations will not be judicially noted or recognized if not pleaded; it is not a defense absolute but must be raised, and will be considered waived otherwise: Sykes v. Southeastern Pennsylvania Trans. Auth., 225 Pa. Superior Ct. 69, 310 A. 2d 277 (1973); Pa.R.C.P. 1032. While the statute of limitations was raised to the counterclaim, counterclaimant Pittman asserts that because it was not *timely* pleaded under Pa.R.C.P. 1026, which is applicable to trespass actions by virtue of Pa.R.C.P. 1041, the defense should be treated as not raised at all, remaining unpleaded and consequently waived. It is true that plaintiff-counterdefendant Baker's reply with new matter was filed nearly nine months, rather than within just 20 days, after service upon him of the counterclaim, and also conceded is that no extension of the filing period had been either secured by order of court or expressly agreed to by the parties' counsel.

That various factors involved in the case may be considered by us in this regard, however, seems obvious from the opinion of our Supreme Court in Gagliardi v. Lynn, 446 Pa. 144, 151, 285 A. 2d 109 (1971), affirming the trial court's allowance of late filing of an answer to a complaint in trespass,

which answer with new matter asserting the statute of limitations was not filed "until after the jury had been picked on the day scheduled for trial, and more than a year after service of the complaint." In the court's opinion Justice Pomeroy commented at p. 151:

"We have considered this question previously and our position is clear: '. . . a lower court will not be reversed either for waiving or refusing to waive non-compliance with procedural rules in the absence of a showing of an abuse of discretion which has caused manifest and palpable injury to the complaining party: [citations omitted].' This practice comports with Pa.R.C.P. 126 which mandates a liberal construction of the rules in general and the disregarding of any 'error or defect of procedure which does not affect the substantial rights of the parties.'" See also Pittman v. Eisenhart, 25 Cumberland 6 (1974), affirmed, per curiam, 229 Pa. Superior Ct. 765, 325 A. 2d 637 (1974).

In the instant case there is no indication that defendant expended any moneys or took any steps that he would not have taken but for the counterclaim, except for inclusion of the same as part of the answer which he would have filed in any event. In other words, disallowance of the counterclaim does not require defendant Pittman to reverse any position to which he has committed himself to his prejudice, said claim being consistent with his defense. Moreover, although no extension for the filing of the reply with new matter was either requested by Baker or granted by Pittman, under all of the circumstances we can see no fair reason for not giving to the former open-end consideration similar to that which he earlier gave to the latter relative to filing

his answer. Under Pa.R.C.P. 248 the court has authority to extend such filing time. Plaintiff-counterdefendant Baker raised the limitations defense two months prior to the filing of any certificate of readiness for trial, prior to any listing of the case for trial and prior to actual commencement of trial, so this delayed filing has in no way impeded the progress of the matter en route to final disposition, particularly in view of the backlog of civil cases existing in this judicial district.

Accordingly we enter the following

## ORDER

And now, April 8, 1981, the preliminary objections of defendant-counterclaimant Pittman to the reply with new matter are hereby overruled and dismissed.