580 A.2d 1187

Joseph BODNIK, Executor of the Estate of
Clifford Anderson,

v.

CITY OF PHILADELPHIA, Pennsylvania Financial Responsi-
bility Assigned Claim Plan and Travelers Insurance Co.

**Appeal of The CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1990.

Decided Oct. 11, 1990.

Alan C. Ostrow, Asst. City Sol., with him, Charisse Lillie, City Sol., Norma S. Weaver, Chief Deputy in charge of claims, and Miriam B. Brenaman, Divisional Deputy for appeals, Philadelphia, for appellant.

Susan R. Tabor, Bazelon & Less, Philadelphia, for appellees.

Before COLINS and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

We are asked here to consider summary judgments issued in a case arising under the Motor Vehicle Financial Responsibility Law (Law), 75 Pa.C.S. §§ 1701–1798. The summary judgment motions were made by the Pennsylvania Financial Responsibility Assigned Claims Plan and Travelers Insurance Co., the insurance carrier for the Plan. The Court of Common Pleas of Philadelphia County granted summary judgment in favor of both the Plan and Travelers.

In reviewing a summary judgment, we are limited to determining whether the trial court abused its discretion or committed an error of law. *Farley v. Township of Upper Darby*, 100 Pa.Commonwealth Ct. 535, 514 A.2d 1023 (1986), *petition for allowance of appeal denied*, 517 Pa. 611, 536 A.2d 1334 (1987). We must make this determination after examining the facts in the light most favorable to the non-moving party. *Kuehner v. Parsons*, 107 Pa.Commonwealth Ct. 61, 527 A.2d 627 (1987), *petition for allowance of appeal denied*, 517 Pa. 626, 538 A.2d 879 (1988).

The pertinent facts of this case are undisputed. Officer Nieves was sitting in his patrol car speaking to a

pedestrian, Clifford Anderson, who was standing next to the patrol car. Meanwhile, a Corvette, driven by an uninsured driver, came down the street and hit the patrol car and Anderson. Anderson died from his injuries.

The Corvette which struck Anderson, its driver, and Anderson were all uninsured for purposes of the Law. The Philadelphia patrol car is covered by Philadelphia's self-insurance plan.

The executor of Anderson's estate brought suit against the City of Philadelphia, the Plan and Travelers. The Plan and Travelers moved for summary judgment asserting that since another source of benefits was available from the City, the Plan had no liability, since the Plan is only available as a last resort.

Section 1752(a) of the Law provides that benefits are payable from the Plan only if there is no other source of recovery of first party benefits. 75 Pa.C.S. § 1752(a). The sources and priority of first party benefits are covered in Section 1713(a) of the Law, which provides as follows:

(a) **General rule.**—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:

(1) For a named insured, the policy on which he is the named insured.

(2) For an insured, the policy covering the insured.

(3) For the occupants of an insured motor vehicle, the policy on that motor vehicle.

(4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident. For the purpose of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident unless it was parked so as to cause unreasonable risk of injury.

75 Pa.C.S. § 1713(a).

Since Anderson was not insured, nor the occupant of any vehicle, his estate may recover from any motor vehicle

"involved in the accident." The key question in this case then, is whether the patrol car was "involved in the accident" within the meaning of the statute.

The City of Philadelphia asks us to ignore the plain language of the statute and to read into it a requirement that the vehicle must cause the accident before it is deemed to be "involved" in the accident. There is no legal basis for the City's argument.

When the words of a statute are clear and unambiguous, the letter of the statute should not be disregarded. 1 Pa.C.S. § 1921(b); *Allen v. Erie Insurance Co.*, 369 Pa.Super. 6, 534 A.2d 839 (1987). Giving the words of this statute their common meaning, we must conclude that a vehicle which is struck by another is "involved" in the accident.

Section 1713(a)(4) provides for an exception for vehicles which are involved in an accident, but which are also "parked and unoccupied." Again the words of the statute are clear and we are constrained to conclude that a vehicle which is parked but occupied does not fall within the language of the exception for "parked and unoccupied" vehicles.

Our decision to construe this section of the statute without regard for the cause of the accident is reinforced by the Superior Court's interpretation of the parallel provision of Section 1009.204(a)(4) of the Pennsylvania No–Fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, *as amended,* 40 P.S. § 1009.204(a), *repealed by* Act of February 12, 1984, P.L. 26. In *Tyler v. Insurance Company of North America,* 311 Pa.Super. 25, 457 A.2d 95 (1983), the Superior Court held that the assigned claims plan was not liable for injuries received by a pedestrian who had stepped off a bus when she was struck by a car because the bus was "involved in the accident." The Court did not find that the bus had in any way caused the accident, but nonetheless held that the bus's insurance policy was a source for basic nofault benefits. *Id.* We therefore reject the City's argument that Section 1713(a)(4) should be read to require a

vehicle to be a causing factor of an accident before attaching liability to that vehicle.

Summary judgment affirmed.

## ORDER

AND NOW, this 11th day of October, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter granting summary judgment in favor of the Pennsylvania Financial Responsibility Assigned Claims Plan and Travelers Insurance Co. is hereby affirmed.