616 A.2d 1031

**Richard W. ROGERS, Richard W. Rogers & Assoc., Appellees,**

**v.**

**Edith H. WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 2, 1992.

Filed Nov. 19, 1992.

Sunny Richman, Philadelphia, for appellant.

Richard A. Webster, Allentown, & Andrew J. Reilly, Philadelphia, for appellee.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County which granted summary judgment in favor of appellees Richard W. Rogers, Esquire and Richard W. Rogers & Associates, on appellant Edith Williams' counterclaim for legal malpractice. We affirm.

This action began when appellees filed suit in Philadelphia Municipal Court to collect the balance of attorney's fees due, $3,000.00, from appellant. Appellees prevailed in Municipal Court, and appellant appealed to the Court of Common Pleas. Appellees again filed their complaint alleging that appellant owed them $3,000.00 in attorney's fees, plus costs and interest. Appellant filed her answer and counterclaim which alleged breach of contract and legal malpractice and which sought damages in excess of $20,000.00.

Appellant was represented by appellees in the case of *United States v. Williams*, U.S.D.C. No. 88–00354 (E.D.Pa.). Therein, appellant pleaded guilty to two counts of mail fraud concerning her receipt of student loans and grants as the

result of her fraudulent procurement of an alien registration card through a "sham" marriage. Herein, appellant contends that she is innocent of the charges to which she pleaded guilty and that she pleaded guilty only because counsel advised her to so plead. She asserts that she was never advised by counsel that she might be deported if she pleaded guilty. She also asserts that appellees breached their contract whereby Attorney Rogers, in exchange for $4,500.00, agreed to take her case to trial, i.e., no plea bargain.

Subsequently, appellees filed a motion for summary judgment on appellant's counterclaims for breach of contract and legal malpractice. The motion was based upon the statute of limitations, waiver and collateral estoppel, i.e., her guilty plea bars her present assertion of innocence. Summary judgment was granted by the lower court on the grounds that appellant failed to establish the necessary elements for a professional negligence cause of action. The court found that appellant could not show that Attorney Rogers failed to exercise ordinary skill and knowledge or that his alleged failure to exercise ordinary skill and knowledge was the proximate cause of her possible deportation.

Herein, appellant contends that: 1) The lower court erred in granting summary judgment on the basis of an issue it raised *sua sponte;* and 2) The court erred in entering summary judgment as to both her legal malpractice claim and her breach of contract claim. In their brief, appellees assert that: 1) Appellant's counterclaim is barred by the two-year statute of limitation for tort actions; and 2) Appellant's counterclaim fails to set forth a cause of action for breach of contract or legal malpractice. Appellant then filed a reply brief wherein she responded to appellees' assertions.[1]

---

1. In her reply brief, appellant raised the following additional issues which she had not previously raised: 1) Even if the statute of limitations has expired, she may assert the defense of recoupment based on Attorney Rogers' alleged negligence; 2) *Muhammad v. Strassburger,* 526 Pa. 541, 587 A.2d 1346 (1991) does not apply to this case, and, if it does, she should be permitted to amend her complaint to allege fraud; and 3) Her failure to file a post-conviction action based on the ineffectiveness of her counsel or a motion to withdraw her guilty plea does not

■ First, appellant complains that the lower court erred when it entered summary judgment on an issue which it raised *sua sponte.* Appellant cites *MacGregor v. Mediq, Inc.,* 395 Pa.Super. 221, 230, 576 A.2d 1123, 1128 (1990), in support if its argument that the trial court erred. We agree that a trial court must not act as an advocate and raise a defense *sua sponte* on behalf of a party. *MacGregor,* 576 A.2d at 1128; *Wojciechowski v. Murray,* 345 Pa.Super. 138, 142, 497 A.2d 1342, 1344 (1985). However, we find that the question of whether appellant failed to set forth a cause of action in legal malpractice was raised by appellees in their motion for summary judgment, albeit not as clearly as their statute of limitations defense.

The standard for reviewing an order granting summary judgment was set forth in *Vargo v. Hunt,* 398 Pa.Super. 600, 601, 581 A.2d 625, 626 (1990), as follows:

> A determination of whether the grant or denial of a motion for summary judgment is to be upheld requires an appellate court to decide whether the pleadings, depositions, answers to interrogatories, admission and affidavits show that there is no genuine issue as to any material fact, and that the moving part is entitled to judgment as a matter of law. *Overly v. Kass,* 382 Pa.Super. 108, 554 A.2d 970, 971 (1989); see also *Chiricos v. Forest Lake Council Boy Scouts of America,* [391] Pa.Super. [491], 571 A.2d 474, 475 (1990). In making such a finding, we must accept as true all properly pleaded facts, as well as all reasonable inferences which might be drawn therefrom. Furthermore, we shall not disturb the trial court's ruling unless there has been an error of law or a manifest abuse of discretion. *Overly v. Kass,* supra.

*See also,* Pa.R.C.P. 1035; *Dorohovich v. West American Ins. Co.,* 403 Pa.Super. 412, 419, 589 A.2d 252, 256 (1991); *Bodnik v. Philadelphia,* 135 Pa.Cmwlth. 453, 454, 580 A.2d 1187, 1187 (1990).

bar her civil malpractice claim. We will not address these issues, except as they relate to the issues properly before us.

Under Pennsylvania law, a client may sue his attorney for legal malpractice upon a trespass or an assumpsit theory. *Guy v. Liederbach*, 501 Pa. 47, 53, 459 A.2d 744, 748 (1983). In assumpsit, the theory is that a breach of contract occurred when the attorney failed to follow a specific instruction of the client. *Hoyer v. Frazee*, 323 Pa.Super. 421, 424, 470 A.2d 990, 992 (1984); *Duke & Co. v. Anderson*, 275 Pa.Super. 65, 70, 418 A.2d 613, 616 (1980). Instantly, appellant alleges appellees breached her instructions to try her case. However, appellant's argument ignores her act of pleading guilty. By pleading guilty, appellant, in effect, modified the "contract" by accepting the negotiated plea agreement with the United States Attorney. Appellees did not breach the contract by failing to try appellant's case when she decided to plead guilty. Her argument simply ignores the dynamics of the attorney-client relationship in a criminal case. Therefore, the lower court correctly entered summary judgment in favor of appellees on appellant's breach of contract claim.[2]

Turning now to appellant's legal malpractice cause of action, we recite the standard set forth in the case of *Ibn-Sadiika v. Riester*, 380 Pa.Super. 397, 403, 551 A.2d 1112, 1115 (1988):

The three elements of a cause of action for professional negligence (or legal malpractice) are: (1) the employment of the attorney or other basis for his duty to act as an attorney; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff. *Trice [v. Mozenter]*, 356 Pa.Super. 510, 515 A.2d 10, 13 (1986); *Duke & Co. v. Anderson*, 275 Pa.Super. 65, 418 A.2d 613, 616 (1980); *Schenkel v. Monheit*, 266 Pa.Super. 396, 405 A.2d 493, 494 (1979). Additionally, the plaintiff must be able to establish by a preponderance of the evidence that he or she would have prevailed in the underlying litigation. *Brock v. Owens*,

**2.** To the extent that appellant alleges her decision to plead guilty was based on incorrect or inadequate advise of counsel, her cause of action sounds in trespass and will be addressed below.

367 Pa.Super. 324, 532 A.2d 1168, 1170 (1987); *Trice,* supra; *Duke,* supra.

Instantly, appellant alleges that she is innocent of the charges to which she pleaded guilty. Appellant, a Liberian national, asserts her marriage was *bona fide* and was not a "sham" marriage entered into in order to obtain a "green" card from the Immigration and Naturalization Service and other benefits, such as student loans. Appellant contends Attorney Rogers was negligent when he failed to advise her that if she pleaded guilty, the INS might initiate deportation proceedings against her. She also contends that but for Attorney Rogers negligent advice, she would not have entered a guilty plea.[3]

■ It is undisputed that Attorney Rogers was retained by appellant to represent her in the criminal action filed by the United States Attorney. Thus, the first prong of the test for legal malpractice has been met. Next, we must determine whether, accepting as true all well-pleaded facts of appellant and all reasonable inferences therefrom, appellees failed to exercise ordinary skill and knowledge. In answering that question, we are mindful that an allegation of incompetency on the part of counsel is tantamount to an allegation of ineffective assistance of counsel. *ei bon ee baya ghananee v. Black,* 350 Pa.Super. 134, 504 A.2d 281, 285 (1986); *Commonwealth v. Smoyer,* 281 Pa.Super. 320, 422 A.2d 189, 190 (1980), citing *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974).

■ Thus, we must decide whether appellant, in exercising ordinary skill and knowledge, was required to advise appellant of the collateral consequence of her guilty plea, i.e., the possibility of deportation. Since counsel was representing appellant in federal court, we must look to the federal judiciary for guidance in determining whether counsel was competent in the present situation. The federal judiciary has an-

3. The INS did, in fact, initiate deportation proceeding against appellant in May of 1990.

swered the question of whether notification by counsel of possible deportation proceedings is essential to adequate representation as follows:

[W]e adopt as the proper rule the view endorsed by several of our sister circuits that "counsel's failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance." *United States v. Campbell,* 778 F.2d 764, 768 (11th Cir.1985). Accord *United States v. George,* 869 F.2d 333 (7th Cir.1989); *United States v. Yearwood,* 863 F.2d 6 (4th Cir.1988); *United States v. Gavilan,* 761 F.2d 226 (5th Cir.1985); *United States v. Santelises,* 509 F.2d 703 (2d Cir.1975). Collateral consequences of a guilty plea are many. The may include loss of civil service employment, *United States v. Crowley,* 529 F.2d 1066 (3d Cir.1976), cert. denied, 425 U.S. 995, 96 S.Ct. 2209, 48 L.Ed.2d 820 (1976), of the right to vote and to travel freely abroad, *Meaton v. United States,* 328 F.2d 379 (5th Cir.1964), cert. denied, 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801 (1965), of the right to a driver's license, *Moore v. Hinton,* 513 F.2d 781, 782–783 (5th Cir.1975), and of the right to possess firearms, 18 U.S.C. § 921. But we have long held that a defendant's incomplete awareness of collateral consequences of a guilty plea does not render that plea involuntary. As we noted in *United States v. Sambro* [454 F.2d 918 (D.C.Cir.1971) ], the Supreme Court's observation in *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970), "that the accused must be 'fully aware of the direct consequences,'" of a guilty plea supports an assumption that the Court, by using the word "'direct' ... excluded collateral consequences." 454 F.2d at 918, 922 (emphasis in *Sambro*).

Deportation is a harsh collateral consequence, but many other collateral consequences are also harsh. In common with the Eleventh Circuit "we do not find deportation so unique as to warrant an exception to the general rule that a defendant need not be advised of the [collateral] consequences of a guilty plea." *Campbell,* 778 F.2d at 769.

*United States v. Del Rosario,* 902 F.2d 55, 59 (D.C.Cir.1990) (footnote omitted).[4]

Under *Del Rosario, supra,* and the cases cited therein, Attorney Rogers' stewardship was not lacking. Cf., *Frometa, supra.* Therefore, we agree with the lower court that appellant cannot, as a matter of law, prove that her counsel neglected to exercise "ordinary skill and knowledge." Accordingly, she cannot succeed on her malpractice claim, and the lower court properly dismissed her cause of action.[5]

Judgment affirmed.

4. We note that Pennsylvania law is the same as its federal counterpart on the issue of whether counsel is ineffective for failing to advise his client of the possibility of deportation. In *Commonwealth v. Frometa,* 520 Pa. 552, 555–56, 555 A.2d 92, 93–93 (1989), our Supreme Court stated:

Similarly, a defendant's lack of knowledge of the collateral consequences of pleading guilty does not undermine the validity of his guilty plea. Like the distinctions in the law regarding the waiver of the right to a jury trial, alluded to by Justice McDermott in [*Commonwealth v.*] *Anthony* [504 Pa. 551, 475 A.2d 1303 (1984)], the collateral consequences of pleading guilty are both numerous and remote. Most importantly, they are irrelevant to the determination of whether a guilty plea was entered voluntarily and knowingly. Therefore, we now hold that counsel, in providing adequate assistance to a criminal defendant who is contemplating a guilty plea, is not required to advise a defendant of the collateral consequences of pleading guilty.

Deportation is but one of a host of collateral consequences of pleading guilty. Thus, counsel in the present case was not ineffective for failing to advise [the defendant] of the possibility of deportation. (Footnotes and citations omitted.)

Thus, we would reach the same result in the present case if appellant's guilty plea were entered in state, rather than federal, court.

5. Moreover, based on the record before us, it is specious for appellant to argue that she was unaware of the possible consequence of deportation. As amply demonstrated in the plea memorandum filed in federal court, appellant knew the basis of the mail fraud charges was that she entered into a "sham" marriage in order to obtain a "green" card from the Immigration and Naturalization Service. The plea agreement also stated that the U.S. Attorney Office did not waive its right to oppose "any motion filed by defendant under 8 U.S.C. § 1251(b)." Under 8 U.S.C. § 1251(b), a defendant can, *inter alia,* file a motion requesting the sentencing court to recommend against deportation. Attorney Rogers, in fact, filed such a motion on behalf of appellant and discussed the case with Richard Sharkey of the INS, prior to appellant's sentencing. Even considering the present state of the record, it is patently

unbelievable that appellant did not know that her guilty plea would
negatively impact her right to remain in the United States.