645 A.2d 1322

**Anselmo TORRES, Appellant,**

v.

**PENNSYLVANIA FINANCIAL RESPONSIBILITY ASSIGNED CLAIMS PLAN and the Travelers.**

Superior Court of Pennsylvania.

Argued March 16, 1994.

Filed July 15, 1994.

Reargument Denied Sept. 8, 1994.

David Deratzian, Philadelphia, for appellant.

Dianne A. Dichter, Philadelphia, for appellees.

Before BECK, POPOVICH and HOFFMAN, JJ.

BECK, Judge:

Plaintiff-appellant Anselmo Torres appeals the order granting summary judgment in favor of the appellees, Pennsylvania Financial Responsibility Assigned Claims Plan (hereinafter "the Plan") and Travelers Insurance Company (hereinafter "Travelers"). We affirm.

The facts of record are not in dispute. On April 15, 1989, Torres was walking across 16th and Wallace Streets in Philadelphia when he was struck by a vehicle owned by Harold Eugene Boyd and operated by Jose Vasquez. Torres's investigation revealed that Boyd and Vasquez were uninsured motorists. Because of Torres's own uninsured status, he filed a claim with the Plan's assignee, Travelers, for benefits under Pennsylvania's Motor Vehicle Financial Responsibility Law (hereinafter "MVFRL").[1]

Appellant also filed an action against the alleged tortfeasors, Boyd and Vasquez, but not until several months after the applicable statute of limitations had run.[2] Boyd and Vasquez could not be found and served in the usual manner, and appellant complied with alternate service requirements authorized by the court. Nonetheless, Boyd and Vasquez have failed to enter an appearance or raise any affirmative defenses to the lawsuit.

1. Travelers is the assigned insurer under the Plan. Travelers evaluates and handles assigned applications for benefits in accordance with the MVFRL. See Appellees' Answer and New Matter, Paragraph 3, citing 75 Pa.C.S. § 1701 *et seq.*

2. The statute of limitations in this case is two years. 42 Pa.C.S. § 5524. With Torres's injury arising on April 15, 1989, his instituting suit against Boyd and Vasquez in September 1991 clearly exceeds the period within which to bring a timely action. Appellant filed the suit against the tortfeasors only after notification by appellees that appellees would not pay his claim.

Appellees refused to provide coverage to appellant on the basis that appellant "fail[ed] to protect the[ir] subrogation rights" by failing to file a timely savings action against Boyd and Vasquez.[3] See Appellees' Answer and New Matter, Paragraphs 19 and 30. Appellees then filed a motion for summary judgment reiterating their defense that appellant failed to preserve the Plan's subrogation rights rendering Torres ineligible for the Plan's benefits. The trial court agreed and granted the appellees' motion for summary judgment. This appeal followed.

█ In examining the propriety of the grant of summary judgment, this court is required to determine whether there are genuine issues of triable fact, or whether the moving party is entitled to judgment as a matter of law. Pa.R.Civ.P. 1035; *Bowman v. Sears, Roebuck & Co.*, 245 Pa.Super. 530, 369 A.2d 754, 756 (1976). The sole issue posited for our review is whether Torres's failure to file a timely savings action against the tortfeasors Boyd and Vasquez resulted in the impairment of the Plan's subrogation rights, such that Torres is barred from recovering benefits under the Plan.

We conclude that *Dyer v. The Travelers*, 392 Pa.Super. 202, 572 A.2d 762 (1990) and *Melendez v. Penna. Assigned Claims Plan*, 384 Pa.Super. 48, 557 A.2d 767 (1989) dictate the result in this case, and we therefore affirm the trial court's grant of summary judgment in favor of the appellees.

█ It is well established that the appellees' right to subrogation against the actual tortfeasors, Boyd and Vasquez, is no greater than any right of recovery held by plaintiff-appellant Torres. *Insurance Co. of N. America v. Carnahan*, 446 Pa. 48, 284 A.2d 728 (1971) (statute of limitations runs against subrogee insurer as it does against the plaintiff-insured).

3. Travelers' right of subrogation, as the Plan's assignee, is authorized by statute:

The Assigned Claims Plan or its assignee is entitled to recover, in accordance with the tort liability law of the Commonwealth, reimbursement for benefits or coverages paid, loss adjustment costs and any other sums paid to an eligible claimant under this subchapter. 75 Pa.C.S. § 1756 (Supp.1993).

Torres failed to file a timely action against the tortfeasors, and instead has attempted to collect insurance benefits from the appellees through the Plan. There is no doubt that Torres's late action has substantially impaired the appellees' ability to maintain a successful subrogation action. *Id.* at 51, 284 A.2d at 729.

Torres argues, however, that because the defense of the statute of limitations is waivable, the trial court ought not to have presumed that the tortfeasors will raise the defense, when and if they enter an appearance. In other words, the mere inchoate availability of a waivable statute of limitations defense does not mean that the Plan's subrogation right has been "extinguished." As a result, Torres argues that he should be permitted to pursue recovery of benefits from the appellees.

However, our cases establish that we need not find literal "extinguishment" of the Plan's subrogation right in order to preclude recovery by a plaintiff. Instead, the relevant inquiry is whether the plaintiff's action or inaction has so impaired or prejudiced the subrogation right as to effectively extinguish it. *Melendez, supra; Dyer, supra.*

In *Melendez*, the plaintiff was foreclosed from recovering from the Plan after she compromised her claim against the tortfeasors through settlement and release, thereby effectively eliminating the possibility of success of any subrogation action the Plan might have pursued. In *Dyer*, the plaintiff also was prohibited from recovery against the Plan, because she had participated in an arbitration and obtained an award against the tortfeasors without the knowledge or consent of the Plan. In each of these cases, the plaintiff had failed to protect the Plan's subrogation right, contrary to the policy goal of allowing the Plan "to decide how to proceed against a tortfeasor in order to best preserve the funds in the Plan." *Dyer,* 392 Pa.Super at 206, 572 A.2d at 764. *See also Melendez,* 384 Pa.Super at 50, 557 A.2d at 768. There can be no question that, by failing to file a timely savings action against Boyd and

Vasquez, appellant Torres has so prejudiced the Plan's right of subrogation as to effectively extinguish it.

Nevertheless, Torres claims that because the statute of limitations defense at issue in this case is waivable, *Melendez* and *Dyer* are not applicable. We note that the defenses of arbitration and award (in *Dyer*) and release (in *Melendez*) also are waivable. Pa.R.Civ.P. 1030, 1032. *See Ruhe v. Kroger Co.*, 425 Pa. 213, 228 A.2d 750 (1967) (defense of release must be pleaded in new matter); *Samuel J. Marranca Gen. Con. Co. v. Amerimar Cherry Hill Lim. Partnership*, 416 Pa.Super. 45, 610 A.2d 499 (1992) (defense of arbitration and award must be pleaded in new matter or waived). The waivability of these defenses did not affect this court's analysis of the viability of the Plan's subrogation right.[4] Therefore, in accordance with this court's previous holdings in *Melendez* and *Dyer*, we affirm the trial court's grant of summary judgment.

Order affirmed.

POPOVICH, J., files a Dissenting Opinion.

4. Moreover, *Dash v. Wilap Corp.*, 343 Pa.Super. 584, 495 A.2d 950 (1985) and *Sykes v. Southeastern Penna. Trans. Auth.*, 225 Pa.Super. 69, 310 A.2d 277 (1973), the cases relied upon by the dissent for the proposition that the trial court ought not to have raised the statute of limitations defense prematurely, are inapplicable to our facts. Both *Dash* and *Sykes* involved the amendment of complaints after the applicable statute of limitations had run on the proposed amended cause of action. We held in these cases that the statute of limitations, a waivable defense, would not be presumptively applied to prohibit the amendments. In other words, the trial court should not act as the defendant-tortfeasors' advocate by proffering a defense on their behalf. *Dash*, 343 Pa.Super. at 596, 495 A.2d at 956.

Although this reasoning is correct within the context of *Dash* and *Sykes*, it does not apply to the trial court's actions in this case. The operative issue here is whether the Plan's subrogation right has been impaired by the plaintiff's actions; the availability of the statute of limitations defense, as the availability of the arbitration/award and release defenses in *Melendez* and *Dyer*, surely will prejudice the Plan in its pursuit of subrogation.

Nor would the entry of default judgment against Boyd and Vasquez cure the prejudice against the appellees under the circumstances of this case. The late filing of the lawsuit would provide a basis for opening the judgment, thereby allowing the tortfeasors to assert their affirmative defenses to the action.

POPOVICH, Judge, dissenting:

I cannot join the Majority's affirmance of the motion for summary judgment in favor of the appellees, and, therefore, respectfully dissent.

The sole issue posited for our inquiry is whether the appellant's (Anselmo Torres') failure to file a timely complaint against the tortfeasors (Harold Eugene Boyd and Jose Vasquez), which *may* [1] result in the impairment of the subrogation rights of the Pennsylvania's Assigned Claims Plan's assignee, Travelers Insurance Company, bars entitlement to benefits under the Plan despite the absence of a statute of limitations defense being asserted by the tortfeasors?

In examining the propriety of a motion for summary judgment, this Court is required to determine whether there are genuine issues of triable fact. *Bowman v. Sears, Roebuck & Co.*, 245 Pa.Super. 530, 369 A.2d 754, 756 (1976). Further, "[i]n reviewing summary judgment, the court must accept as true all well-pleaded facts in the non-moving party's pleadings, giving the non-moving party the benefit of all reasonable inferences to be drawn therefrom. To uphold summary judgment, there must be not only an absence of genuine factual issues, but also an entitlement to judgment as a matter of law." *Rybas v. Wapner*, 311 Pa.Super. 50, 457 A.2d 108, 109 (1983).

Torres argues that he has not prejudiced Travelers' right of subrogation because no statute of limitations has been asserted as an affirmative defense (in fact, no defense has been

1. The conditional term "may" is used to define the possibility of a statute of limitations defense being asserted because no such "affirmative defense" has been proffered even though a writ of summons was filed by the appellant against Boyd and Vasquez in September of 1991. See Exhibit "B" attached to the Appellees' Memorandum of Law in Support of the Motion for Summary Judgment; see also N.T. 10/14/93 at 3.

The statute of limitations in this case is two years. See 42 Pa.C.S.A. § 5524. With the appellant's injury arising on April 15, 1989, his instituting suit against Boyd and Vasquez in September of 1991 clearly exceeds the period within which to bring a timely suit. Nonetheless, our inquiry is not at an end with a determination that the statute of limitations has expired. See discussion infra.

offered) by the tortfeasors to date to his writ of summons.[2] See note 2, supra. Therefore, continues Torres, a lawsuit against Boyd and Vasquez is still viable and not foreclosed by his (in)action. Alternatively, Torres contends that the lower court's refusal to allow the entry of a default judgment against the tortfeasors, even though the statute of limitations permitting suit has expired, precludes the insulating effect of such judgment (to Travelers' subrogation rights) from coming to fruition. Finding merit in the initial averment, I leave for another day the validity of the latter.[3]

Travelers' right of subrogation, as the Plan's assignee, is authorized by statute:

The Assigned Claims Plan or its assignee is entitled to recover, in accordance with the tort liability law of this Commonwealth, reimbursement for benefits or coverages paid, loss adjustment costs and any other sums paid to an eligible claimant under this subchapter.

75 Pa.C.S.A. § 1756 (Supp.1993).

The lower court believed and the Majority holds that the failure of the appellant to act timely to sue the tortfeasors

2. It appears from the record and the appellant's brief that Torres has had difficulty serving Boyd and Vasquez, to the extent of seeking approval for extraordinary service of process from the lower court. See Pa.R.Civ.P. 430.

3. Parenthetically, I would note that the entry of a default judgment would still be subject to attack by a petition to open/strike judgment. Cf. Pa.R.Civ.P. 2959 (STRIKING OFF OR OPENING JUDGMENT. PLEADINGS. PROCEDURE). However, I will not speculate on the outcome of such posturing by the litigants, but make mention of it to show that the appellant would still be exposed to repayment of any monies received from the Plan's assignee if Boyd and/or Vasquez were moved to file such a petition, as would be the case if either proffered a defense of the statute of limitations to a lawsuit naming them as defendants.

In either scenario, the outcome is not guaranteed but must await action on the part of Boyd and Vasquez. Presently, I am without insight as to what course is preferred by the appellant. I do know that whichever avenue is pursued, the appearance of Boyd and Vasquez will place into question the appellant's entitlement to retain any monies obtained from the Plan's assignee. In other words, repayment would be in the offing under either course should Boyd and/or Vasquez take action to defend, successfully, their interests. See Melendez v. Pennsylvania Assigned Claims Plan, 384 Pa.Super. 48, 557 A.2d 767 (1989).

prejudiced Travelers' right of subrogation, and, consequently, the appellant was foreclosed from recovering benefits from Travelers under *Melendez v. Pennsylvania Assigned Claims Plan,* 384 Pa.Super. 48, 557 A.2d 767 (1989). More specifically, the lower court stated:

> The argument put forth by plaintiff in this matter, that the rights were not subrogated—the subrogation rights were not impaired because somehow the uninsured defendants failed to respond to the complaint and therefore a default judgment could be entered against them and somehow their rights to complain about the statute of limitations would somehow be cut off, the court finds that not to be a compelling argument and lacks merit.

N.T. 10/14/93 at 11–12. I disagree, and, in doing so, find *Dash v. Wilap Corp.,* 343 Pa.Super. 584, 495 A.2d 950 (1985), to be instructive.

In *Dash,* the plaintiffs (Harry and Mollie Dash) instituted suit against the owner (Wilap Corporation) of property adjoining their land for injuries sustained by Mrs. Dash at the hands of one John Rightly. It appears that Rightly utilized the unkept condition of the Wilap Corporation tract to enter and exit, surreptitiously, the Dash home and assault Mrs. Dash.

The plaintiffs sued Wilap Corporation as the owner of the property through which Rightly made his ingress and egress to and from Dashs' home. Wilap Corporation joined Rightly, who by this time had been arrested for the burglary and assault, as an additional defendant. Thereafter, Wilap filed a petition to discontinue its complaint against Rightly, and, additionally, have him dropped from the lawsuit.

The plaintiffs claimed that Rightly was a necessary party and should not be dismissed from the suit. The trial court disagreed and permitted Rightly's removal. In allowing the discontinuance, the trial court "belie[ved] that ... joinder [by Wilap Corporation] took place after the two-year statute of limitations had run [42 Pa.C.S.A. § 5524(2) ] ... [and] any claims of the plaintiffs against the additional defendant would be time-barred 'even if a jury brought in a verdict finding joint

liability.' " 343 Pa.Super. at 591–92, 495 A.2d at 954 (Footnote omitted).

On appeal, we reversed that portion of the trial court's order permitting Rightly's removal on the theory that joinder was barred by the statute of limitations. In doing so, we quoted extensively *Sykes v. Southeastern Pennsylvania Transportation Authority,* 225 Pa.Super. 69, 310 A.2d 277 (1973), which reversed in part the trial court's prohibition of an amendment to a complaint as violative of the statute of limitations; to-wit:

Apparently, the lower court put [Sykes] out of court because it believed that any attempts to amend would be barred by the statute of limitations. That is probably correct so far as the proposed amended complaint produced at argument before us is concerned. Whether it be brought in assumpsit or trespass, a suit for breach of nonnegligent carriage is brought for injuries wrongfully done to the person and falls within the bar of the 2–year statute of limitations for personal injuries. Act of June 24, 1895, P.L. 236, § 2, 12 P.S. S34.

However, *the statute of limitations ... is a waivable defense. See Bellotti v. Spaeder,* 433 Pa. 219, 249 A.2d 343 (1969); *Smith v. Pennsylvania R.R.,* 304 Pa. 294, 156 A. 89 (1931). *It is not a defense absolute which will be taken notice of by the court* nor may it be raised by preliminary objection. *Royal Oil & Gas Corp. v. Tunnelton Mining Co.,* 444 Pa. 105, 282 A.2d 384 (1971); *Quaker City Chocolate & Confectionary Co. v. Delhi–Warnock Bldg. Ass'n,* 357 Pa. 307, 53 A.2d 597 (1947). *It was thus improper for the court below to foreclose plaintiffs from making any attempts to amend at that stage of the proceedings.*

Our action does not mean that the defendant may not raise the defense of the statute of limitations, but only that it must be raised in a proper pleading.

\* \* \* \* \* \*

Thus, *the defendant will be able to plead the defense of the statute of limitations, if it so desires,* in the new matter of

its answer to the amended complaint. Pa.R.C.P. No. 1030, 12 P.S. Appendix.

225 Pa.Super. at 72–74, 310 A.2d at 279–280 (Emphasis added) (Footnote omitted).

As in *Sykes, we hold that the trial court here acted prematurely in ruling in advance of the action sought to be taken that the statute of limitations would preclude recovery even if an award in favor of the plaintiffs and against Rightly were entered after a trial.* This comports with the position of the courts of this Commonwealth on the subject; viz.:

The statute of limitations does not divest the court of jurisdiction over either the cause of action or the parties, but is merely a procedural bar to recovery which may be waived by consent or conduct implying consent. *Bellotti v. Spaeder,* 433 Pa. 219, 249 A.2d 343 (1969).

Rule 1030 of the Pennsylvania Rules of Civil Procedure requires that the statute of limitations "shall" be pleaded as an affirmative defense under New Matter; otherwise, the defense is waived. *Royal Oil & Gas Corporation v. Tunnelton Mining Company,* 444 Pa. 105, 282 A.2d 384 (1971). It has long been our rule that unless the statute is pleaded as a defense, it is waived. *Heath v. Page,* 48 Pa. 130, 142 (1864).

*Thompson v. Southeastern Pennsylvania Transportation Authority,* 280 Pa.Super. 193, 199–200, 421 A.2d 471, 474 (1980).

Instantly, *it is undisputed that Rightly has neither entered an appearance nor has he, as a result, raised any objections or defenses to his inclusion in the suit. Therefore, since Rightly has failed to act, it is not the responsibility of the trial court to act as his advocate and proffer a defense to the plaintiffs' request to seek an amendment to their complaint.* This, of necessity, dispenses with the need to review the "prejudice" aspect, if any, of the order granting the defendant's petition to discontinue as to Rightly.

343 Pa.Super. at 594–95, 495 A.2d at 955–956 (Emphasis added in part; footnote omitted).

*Sub judice*, as in *Dash*, the object of the controversy (Boyd & Vasquez here, Rightly there) had neither entered an appearance nor, as a result, raised any objections or defenses to their inclusion in a lawsuit at the time the lower court opted to rely on the barring effect of the statute of limitations to prohibit continuation of the suit as to the non-appearing party(ies). This was presumptive. *Id.*

The statute of limitations is an affirmative defense which *must be pleaded* in order to garner its insulating effect. Absent such a presentment, be it at the pleading or trial stage, see *id.* at 595 n. 2, 495 A.2d at 956 n. 2, it is not the responsibility of the trial court to step into the shoes of the non-objecting party(ies) and act in his/her/their stead. *Id.*; *Rogers v. Williams*, 420 Pa.Super. 396, 616 A.2d 1031, 1033 (1992); *MacGregor v. Mediq Inc.*, 395 Pa.Super. 221, 576 A.2d 1123, 1128 (1990); *Wojciechowski v. Murray*, 345 Pa.Super. 138, 497 A.2d 1342, 1344 (1985); *cf. Moore v. Mobile Oil Co.*, 331 Pa.Super. 241, 480 A.2d 1012, 1034 (1984), citing *Commonwealth v. Walls*, 481 Pa. 1, 5, 391 A.2d 1064, 1066 (1978) (Dissenting Opinion by Manderino, J.) (Neither trial nor appellate court is to act as an advocate for either litigant). This is what transpired at bar, and, under established case law, we should not permit it to stand.

As the case now exists, the insurer/Travelers has not had its subrogation rights "extinguished," as unquestionably was the case in *Melendez*, supra, and *Dyer v. Travelers*, 392 Pa.Super. 202, 572 A.2d 762 (1990), wherein the claimants had signed a release and obtained an arbitration award (all without the insurer's knowledge), respectively. This has not occurred here.

As a result, the lower court should not have been so quick to act on behalf of the tortfeasors by asserting the statute of limitations defense for them. This was premature. See *Dash*, supra.

If, and when, the tortfeasors appear to defend against any civil suit instituted against them, their success in averring the statute of limitations defense will be evaluated at that time. *Id.* The insurer, if the case is ruled in favor of the tortfeasors on the statute of limitations defense, will have recourse against the appellant to recover payments made because then, and only then, will it be evident whether the insurer's right to subrogation will have been "extinguished" by the appellant's tardiness in commencing suit so as to "prejudice" its subrogation rights. Contrast *Dyer,* supra; *Melendez,* supra. Thus, the public's interest in preserving the integrity of the Plan's funds is not lost, but remains intact for purposes of recoupment against the appellant if and when Boyd and Vasquez decide to act. *Id.*

For the lower court to act in advance of such facts was pure speculation. It remains to be seen whether Boyd and Vasquez will defendant against a suit. This void creates a genuine issue of material fact yet unresolved, and appellees are not entitled to summary judgment as *a matter of law.* See *Dash,* supra.

For the reasons hereinstated, I would reverse the order of the lower court.