**Causley EDWARDS, Plaintiff,**

v.

**Joe THORPE, Defendant.**

**Civ. A. No. 94–6123.**

United States District Court,
E.D. Pennsylvania.

Jan. 27, 1995.

Herbert M. Linsenberg, Philadelphia, PA, for plaintiff.

Jeffrey B. McCarron, Philadelphia, PA, for defendant.

### *MEMORANDUM AND ORDER*

HUYETT, District Judge.

Causley Edwards ("Plaintiff") commenced this action against Joe Thorpe ("Defendant") alleging a false statement contained in a letter Thorpe wrote to Edwards' employer dated March 24, 1989, caused Edwards to be suspended from employment for over five years. Defendant Thorpe now moves the Court to dismiss Plaintiff's complaint or

grant judgment on the pleadings. For the reasons discussed below, the Court grants judgment on the pleadings in favor of Defendant Thorpe.

## I. BACKGROUND

On December 19, 1989, Plaintiff Causley Edwards was taken hostage during the course of a bizarre robbery attempt at the bank where he was assistant manager. After the attempt, Edwards sought legal representation from Defendant Thorpe. On March 24, 1989, Thorpe wrote a letter to Edward's employer, which began "I am Causley Edwards' attorney and have been informed by Mr. Edwards that the FBI considers him a suspect in a recent robbery attempt...." Edwards alleges Thorpe "had no reason to believe that Plaintiff was a suspect in any FBI investigation." Complaint at 2.

As a result of being "placed on notice by your counsel of your being considered a suspect in a crime," the bank suspended Edwards without pay on April 10, 1989. The suspension was to last until the FBI investigation cleared Edwards or he was prosecuted and acquitted. Prosecution of the actual perpetrator eventually exonerated Edwards in April, 1994.

Plaintiff Edwards' suit, which was not filed until October 6, 1994, charges Thorpe with legal malpractice, breach of contract, and defamation. Defendant Thorpe asserts that Plaintiff's causes of action are time barred.

## II. DISCUSSION

■ As a threshold matter, Defendant's motions raise the question of whether a client may claim breach of contract for an attorney's failure to conduct the representation with due care. Plaintiff argues that an attorney employment agreement imposes fiduciary duties; any negligence in the conduct of the representation should be viewed as a breach of the fiduciary's implied duty of loyalty, and, therefore, a breach of the employment contract.

■ Plaintiff misapprehends both the principles of agency and the law of Pennsylvania. Negligence in a fiduciary relationship implicates the duty of care, not the duty of loyalty. See Wolf v. Fried, 473 Pa. 26, 373 A.2d 734, 735 (1977) (negligence is a breach of the fiduciary duty of care). Plaintiff's citation to an unpublished opinion involving misappropriation is inapposite. While in Pennsylvania an attorney may be sued in either trespass or assumpsit, Guy v. Liederbach, 501 Pa. 47, 459 A.2d 744, 748 (1983), when plaintiff's cause of action is based on the attorney's failure to exercise due care, it will sound in contract only if the attorney fails to follow the client's specific instructions or, by her negligence, breaches a specific provision of the contract. See Rogers v. Williams, 420 Pa.Super. 396, 616 A.2d 1031, 1033 (1992); Hoyer v. Frazee, 323 Pa.Super. 421, 470 A.2d 990, 992–93 (1984); cf. Sadtler v. Jackson–Cross Co., 402 Pa.Super. 492, 587 A.2d 727, 731 (1991) (action in contract will lie where tortious conduct alleged is real estate broker's negligence in performing duty expressly imposed by contract). Plaintiff Edwards has alleged no more than the "elements of a cause of action for legal malpractice: (1) the employment of the attorney or other basis for his duty to act as an attorney; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff." Rogers, 616 A.2d at 1034.

■ In Pennsylvania, actions sounding in tort must be brought within two years, 42 Pa.C.S.A. § 5524(7); actions for libel within one year, 42 Pa.C.S.A. § 5523(1). Plaintiff argues that his claims should not be time-barred because:

[A] limitation period begins to run, not when the defendant acts improperly, but, rather, when the plaintiff is harmed by the defendant's misconduct.... [P]laintiff had no cause of action until it was officially determined that he was not a criminal suspect. Had he in fact been arrested, charged, and/or convicted of the attempted robbery, he would have suffered no damages as a result of defendant's misconduct....

Pl.'s Mem. at 2. Plaintiff's authority contradicts his assertion. The limitations period for tort actions begins "when the alleged

breach of duty occurs." *Garcia v. Community Legal Services*, 362 Pa.Super. 484, 524 A.2d 980, 986 (1987). In this case, the statute began to run on Edwards' claims when Thorpe sent the letter to the bank. Plaintiff has not, and, indeed, could not allege that he did not discover Thorpe's letter, or the suspension it caused, until he was exhonorated of involvement in the robbery attempt. The balance of Plaintiff's argument is irrelevant. For Plaintiff's defamation claim, the issue is whether Thorpe's statement "I ... have been informed by Mr. Edwards" was true or false when made. For Plaintiff's malpractice claim, the issue is whether an attorney exercising ordinary skill would have published the client's status vis-a-vis an FBI investigation to the client's employer. In either case, whether Plaintiff Edwards was actually being investigated by the FBI is immaterial.

## III. *CONCLUSION*

Because Plaintiff's claims are subject, at most, to a two year statute of limitations, the conduct Plaintiff complains of occurred in 1989, and Plaintiff did not file his suit until 1994, the Court renders judgment on the pleadings in favor of Defendant Thorpe and against Plaintiff Edwards and will dismiss Edwards' complaint in its entirety. An appropriate Order follows.

### *MEMORANDUM AND ORDER*

Upon consideration of Defendant's Motion to Dismiss or for Judgment on the Pleadings, and memoranda filed, it is **ORDERED** that Defendant's motion for Judgment on the Pleadings is **GRANTED.** Judgment is entered in favor of Defendant Joe Thorpe and against Plaintiff Causley Edwards. Plaintiff's complaint is dismissed in its entirety.

**IT IS SO ORDERED.**