610 A.2d 499

SAMUEL J. MARRANCA GENERAL CONTRACTING
CO., INC. and Samuel J. Marranca

v.

AMERIMAR CHERRY HILL ASSOCIATES LIMITED PART-
NERSHIP, Amerimar Realty Company, Amerimar Associates,
C. Ronald Bleznak, David G. Marshall, Kenneth P. Balin,
Linso Cherniahivsky & Associates, Ollie Cherniahivsky, Unit-
ed States Fire Insurance Company and Rollins Burdick &
Hunter.

Appeal of AMERIMAR CHERRY HILL ASSOCIATES LIMIT-
ED PARTNERSHIP, Amerimar Realty Co., Amerimar Associ-
ates, C. Ronald Bleznak, David G. Marshall and Kenneth P.
Balin.

Superior Court of Pennsylvania.

Argued May 29, 1992.

Filed July 20, 1992.

Douglas B. Lang, Philadelphia, for appellants.

Wilbur H. Seitzinger, Jr., Philadelphia, for appellee Marranca.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

CIRILLO, Judge.

This is an appeal from an order of the Court of Common Pleas of Luzerne County denying appellants' petition to stay judicial proceedings and to compel arbitration. We affirm.

The parties entered into a contract for the construction of the Cherry Hill Residence Inn in Cherry Hill, New Jersey. Appellees Samuel J. Marranca General Contracting Company, Inc. and Samuel J. Marranca (Marranca) initiated the underlying lawsuit by filing a writ of summons against

appellants, Amerimar Cherry Hill Associates Ltd., Amerimar Realty Co., Amerimar Associates, C. Ronald Bleznak, David G. Marshall, and Kenneth P. Balin (Amerimar). In its complaint Marranca also asserted claims against Linso, Cherniahivsky & Associates, an architectural firm, Ollie Cherniahivsky, the architect, United States Fire Insurance Company, the insurer, and Rollins, Burdick and Hunter, the insurance broker.

Pursuant to the contract, construction commenced on September 12, 1988. Approximately one year later, Amerimar contemplated termination of Marranca as general contractor; on September 26, 1989, Amerimar sent formal notice of termination to Marranca. On October 17, 1989, Marranca terminated the contract due to Amerimar's failure to make payment. Without Marranca's knowledge, Amerimar had allegedly removed Marranca's name as a named insured from the insurance policy on the project on October 12, 1989. On October 15, 1989, prior to Marranca's termination of the construction contract but after Amerimar's removal of Marranca from the insurance policy, an arson fire destroyed several partially constructed buildings. Marranca had requested but had not received the payment for this work.

On April 26, 1990, Marranca filed a writ of summons against Amerimar, the architect, the insurer and the insurance broker. The complaint was filed on June 25, 1990. Amerimar filed preliminary objections to the complaint alleging, *inter alia,* improper venue and forum non-conveniens. The preliminary objections were denied. Thereafter, on July 11, 1991, Amerimar filed its answer to Marranca's complaint. Approximately two weeks later, Amerimar filed a demand for arbitration pursuant to the terms of the construction contract between Marranca and Amerimar. Marranca refused this request, prompting Amerimar to file a motion to compel arbitration and stay judicial proceedings pursuant to 42 Pa.C.S. § 7304(a) and (d). The court denied Amerimar's motion finding that Amerimar had waived any right it may have had to such relief in this case.

On appeal, Amerimar presents one issue for our consideration: Whether the trial court erred in refusing to stay the proceedings and in refusing to compel arbitration pursuant to 42 Pa.C.S. § 7304 and the express terms of a construction contract entered into by the parties?

In reviewing a decision of a trial court, our scope of review is limited to determining whether the trial judge's findings are supported by substantial evidence or whether the trial court abused its discretion. *Northview Motors, Inc. v. Attorney General*, 128 Pa.Cmwlth. 54, 562 A.2d 977, *allocatur denied*, 525 Pa. 605, 575 A.2d 570 (1989). With this standard in mind, we will review the contract provision at issue and the applicable case law and rules of court.

The relevant portions of the contract provide:

Para. 7.9.1. All claims, disputes and other matters in question between the Contractor [Marranca] and the owner [Amerimar] arising out of, or relating to, the Contract Documents or the breach thereof, ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.

An addendum was added to paragraph 7.9.1, which provides in relevant part:

Nothing contained herein shall prevent any party from seeking and obtaining legal or equitable relief as may be available at law or in equity.

The trial court determined that Amerimar had waived its right to elect arbitration, stating:

We need not and do not decide whether or not the arbitration clause is applicable and/or enforceable because we believe that under the circumstances Amerimar has waived and/or abandoned any right it may have had to such relief in this case. We emphasize that Amerimar Defendants never opposed this civil action until resort was made to this Court for at least a third time by the Plaintiffs for some form of relief. The record in this case unequivocally establishes a willingness on the part of the

Amerimar Defendants to have the Court of Common Pleas adjudicate the issues being raised without resort to arbitration as long as the Court was not the Luzerne County Court of Common Pleas. Clearly, Amerimar was ready to litigate this case in another jurisdiction and, accordingly, we find it difficult to understand and/or appreciate how, after having made and lost the venue and forum non-conveniens arguments, it can now contend that the arbitration provision is mandatory and not elective. We agree with the trial court's conclusion that Amerimar waived its right to enforce the arbitration clause.

 Waiver is a voluntary and intentional abandonment or relinquishment of a known right. *Zitelli v. Dermatology Education & Research Foundation*, 409 Pa.Super. 219, 240, 597 A.2d 1173, 1184 (1991). *See also* 28 Am.Jur. 2d, Estoppel and Waiver § 30. Waiver may be established by a party's express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary. *See* 17A Am.Jur.2d, Contracts § 656. Here, Amerimar's conduct amounts to waiver. Amerimar chose not to file a petition to compel arbitration. Amerimar also elected not to assert arbitration as an affirmative defense either in preliminary objections or in new matter. Instead, Amerimar waited until it had received an adverse ruling on pretrial motions before invoking and seeking to enforce the arbitration provision of the contract. Further, Amerimar initiated other proceedings in different jurisdictions regarding matters related to the contract. This conduct is inconsistent with Amerimar's present contention that the arbitration provision is mandatory and not elective.

 The defense of arbitration is an affirmative defense; it must be pleaded in new matter or it is waived. Pennsylvania Rule of Civil Procedure 1030 provides in pertinent part:

All affirmative defenses including but not limited to defenses of ... arbitration and award, ... shall be pleaded

in a responsive pleading under the heading "New Matter." A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleadings.

Pa.R.C.P. 1030. In addition, Rule 1032 provides in relevant part:

A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, ... [1]

In *Teodori v. Penn Hills School District Authority*, 413 Pa. 127, 196 A.2d 306 (1964), the Pennsylvania Supreme Court confirmed the requirements of the rules when it held that Rule 1030 provides that the defense of arbitration and award shall be pleaded as new matter in a responsive pleading, and Rule 1032 provides that failure to do so constitutes a waiver of the defense except under certain enumerated circumstances. In the instant case, the pleadings are devoid of any mention of the defense of arbitration and, therefore, we find that it is waived. *See Foster v. Philadelphia Manufacturers*, 140 Pa.Cmwlth. 186, 592 A.2d 131, (1991).

Amerimar's actions clearly indicate its preference for judicial proceedings for resolution of disputes arising under the construction contract. In light of Amerimar's participation in the present action and its initiation of other suits relating to the construction contract in other jurisdictions, Amerimar cannot now contend that the arbitration provision is mandatory and not elective. Moreover, the language of the addendum to paragraph 7.9.1 indicates that the arbitration clause is elective and not mandatory for disputes arising out of the contract.

Amerimar had every opportunity to raise and pursue the issue of arbitration but failed to do so. Amerimar cannot avail itself of the judicial process and then pursue an alternate route when it receives an adverse judgment. To

1. Certain defenses and exceptions are not waived even if they are not raised in preliminary objections, and answer, or a reply. None of these exceptions, however, are applicable here. Pa.R.C.P. 1032.

allow litigants to pursue that course and thereby avoid the waiver doctrine and our rules of court is to advocate judicial inefficiency; this we are unwilling to do.

Amerimar also contends that the trial court erred in failing to determine whether the dispute involved is covered by the arbitration clause. This claim is unsubstantiated. The trial court was correct in holding that the applicability and/or enforceability of the arbitration clause is irrelevant since Amerimar had waived any right it may have had to such relief in this case.

■ Amerimar claims that the unreasonableness of the delay in filing its motion to compel arbitration is an issue for the arbitrators, and not for the court, to decide. This claim, too, is meritless. Timeliness is an issue in arbitration, but *only after* the court has determined that the arbitration clause is valid and applicable. *Hallo v. Flore*, 386 Pa.Super. 178, 562 A.2d 856, *allocatur denied*, 525 Pa. 612, 577 A.2d 544 (1989). It is clearly within the purview of the court to determine the applicability of the arbitration clause as well as any occurrences of waiver. *Kwalick v. Bosacco*, 329 Pa.Super. 235, 478 A.2d 50 (1984).

Finally, Amerimar argues that the trial court erred in holding that it waived its right to arbitration by its involvement in related litigation. Regarding its suit against United States Fidelity & Guaranty (USF & G) and Marranca in federal court for delay damages, Amerimar asserts that that action relates only to a bond in which there is no arbitration clause, and that the suit is the only means to assert claims based on the bond. We are not persuaded by this argument. Amerimar's success in the federal suit is contingent upon a determination that Marranca was in default of the underlying construction contract. Moreover, the delay damage claim against USF & G could have been resolved by arbitration. Paragraph 7.9.1 provides, in pertinent part:

> ... No arbitration shall include, by consolidation, joinder, or in any other manner, parties other than the Owner, the Contractor, and *any other persons substantially in-*

*volved in a common question of fact or law,* whose presence is required if complete relief is to be accorded in the arbitration. No person other than the Owner or Contractor shall be included as an original third party or additional third party to an arbitration whose interest or *responsibility* is insubstantial.

(emphasis added). Since USF & G was a primary party to the federal lawsuit, Amerimar obviously considered USF & G to be "persons substantially involved in a common question of fact or law whose presence is required if complete relief is to be accorded in the arbitration." In addition, Amerimar's federal complaint supports the proposition that USF & G had "responsibility" not "insubstantial" since Amerimar is seeking compensatory damages in the amount of one million three hundred thousand dollars ($1,300,00.00) and punitive damages in the amount of one million dollars ($1,000,000.00). Therefore, USF & G should have been part of an arbitration proceeding if the arbitration clause was intended to be "mandatory."

Amerimar also asserts that the complaint filed in New Jersey against J. Marranca General Contracting Company, USF & G, and Tri–County Security Service for losses sustained as a result of a fire on the construction site was not initiated by Amerimar. Rather, Amerimar argues, the action was commenced by and pursued for the benefit of Amerimar's insurer, United States Fire Insurance Company (U.S. Fire), as the subrogee of Amerimar. However, in its response to Marranca's motion for summary judgment, Amerimar asserted that Amerimar itself was the plaintiff in the litigation and that it was seeking recovery from Marranca for non-insurable fire damages from the arson fire. Amerimar, by instituting two separate suits in other jurisdictions, has clearly construed the arbitration provision of the construction contract as "elective" and not "mandatory."

We conclude that the trial court's determination of waiver is a correct application of the law. We, therefore, find no abuse of its discretion. *Northview Motors, supra.* The

trial court's order denying both Amerimar's petition to stay judicial proceedings and petition to compel arbitration is affirmed.

Order affirmed.