# DeLage Linden Financial Services Inc. v. Raynes, McCarty, Binder, Ross & Mundy

*Robert P. Meingossner,* for plaintiff DeLage.

*David F. Binder,* for defendants Raynes, McCarty, Binder, Ross & Mundy.

*Robert A. Nicholas,* for defendant IKON.

*John Chesney,* for additional defendant Sharp.

SHEPPARD JR., *J.,* May 10, 2001—This opinion is submitted in support of this court's order dated January 11, 2001, denying additional defendant, Sharp Electronics Corporation's petition to compel arbitration, dismiss or stay litigation. For the reasons set forth, that order should be affirmed.

## BACKGROUND

On January 28, 2000, DeLage Linden Financial Services Inc. (DLL) sued the law firm of Raynes, McCarty, Binder, Ross and Mundy for damages arising from that firm's default on a copier lease. Although admitting non-payment, Raynes claimed that the copier failed to function properly and failed to perform as represented by the entity that had leased the copier to the firm, Select Office Solutions Inc. On April 17, 2000, Raynes joined IKON Office Solutions Inc. as a third-party defendant.[1]

On August 23, 2000, the parties filed a stipulation permitting IKON to initiate a third-party complaint against additional defendant Sharp, the manufacturer of

---

1. IKON had subsequently purchased Select Office Systems Inc., the company which originally leased the copier to Raynes.

the copier. In its third-party complaint, IKON asserted that Sharp, as the manufacturer, should be held liable if it is determined that the copier was not of high quality and/or was not merchantable. IKON asserted that it had simply reiterated Sharp's representations concerning the copier.

Sharp did not file preliminary objections to the joinder complaint. Instead, it filed an answer and new matter on September 29, 2000. In its answer and new matter, Sharp did not raise the affirmative defense of the existence of an arbitration clause. However, upon receiving IKON's answers to Sharp's discovery requests and being served with IKON's discovery requests, approximately two and a half months later, Sharp filed the petition at issue here.[2]

The petition to compel arbitration is based upon the arbitration clause set forth in the dealership agreement between Sharp and IKON.

## DISCUSSION

On appeal, Sharp contends that: (1) it was improperly joined as a third-party defendant, and (2) the mandatory arbitration provision in the agreement should control its rights as to IKON in the present action. These contentions are without merit.

---

2. The denial of a petition to compel arbitration is immediately appealable pursuant to Pa.R.A.P. 311(a)(8). Further, Pennsylvania case law holds that an order denying a petition to compel arbitration, although interlocutory, may be appealed as of right. *St. Clair Area School District Board of Education v. E.I. Associates,* 733 A.2d 677, 680 n.4 (Pa. Commw. 1999); *Goral v. Fox Ridge Inc.,* 453 Pa. Super. 316, 320 n.1, 683 A.2d 931, 933 n.1 (1996).

First, Sharp was properly joined as a third-party defendant and, further, failed to raise an objection to that joinder by preliminary objections. Second, Sharp's failure to raise the mandatory arbitration provision in its answer and new matter constituted a waiver of this defense. Third, judicial economy and fundamental fairness mandate that all the claims be tried in one action.

## A. *Sharp Was Properly Joined*

Sharp argues that it was improperly joined since IKON failed to obtain court approval to serve Sharp with the third-party complaint after the permissible 60-day time period for joinder had expired. See Pa.R.C.P. 2253. However, Sharp never objected to the joinder. Instead it filed an answer and commenced discovery. Some two and one-half months later Sharp filed the petition at issue. Importantly, Sharp failed to demonstrate any prejudice arising from the joinder. The alleged defect is minor and in the interest of justice may be disregarded by this court. See Pa.R.C.P. 126; *Vaughan v. Womeldorf,* 366 Pa. 262, 266, 77 A.2d 424, 427 (1951) ("[o]ne purpose of third-party procedure is to avoid [a] multiplicity of suits by adjucating in one suit the rights and liabilities of all parties to a single transaction which constitutes the cause of action and applicable rules should, if possible, be construed to accomplish this purpose."). Indeed, this court may, in its proper discretion, order joinder at any stage in the proceeding. See Pa.R.C.P. 2253(c).

Rule 126 provides that "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action. . . . The court at every

stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. See *Martinelli v. Mulloy,* 223 Pa. Super. 130, 134-35, 299 A.2d 19, 21 (1972) (Rule 126 is particularly applicable to controversies involving third-party procedure and procedural rules are to be construed to accomplish the purpose of avoiding multiplicity of suits); *Stern v. Jim Bulow Motors,* 40 D.&C.3d 563, 571 (Somerset Cty. 1984) (denying objections to petition for late joinder even though joinder was sought 25 months after the original complaint and without any explanation for delay, stating "[t]he 60-day rule should not be viewed in terms of litigant rights; such rights are merely incidental to the larger public policy objectives of the rules").

The joinder of Sharp works no prejudice against Sharp or the other parties to the action (all of whom signed a stipulation). Thus, the third-party complaint should be deemed appropriate.

### B. *Sharp Waived Any Alleged Right to Arbitrate*

Sharp asserts that IKON's claims are subject to mandatory arbitration under the agreement. However, Sharp failed to raise the mandatory arbitration clause as a defense in its answer and new matter. Instead, Sharp chose to engage in discovery and participate in the judicial process. This court submits that, in doing so, Sharp waived any right it had to arbitrate the claims between itself and IKON in this action.

Pa.R.C.P. 1030 provides in relevant part that, "[a]ll affirmative defenses including . . . arbitration and award,

. . . shall be pleaded in a responsive pleading under the heading 'new matter' . . . ." Pa.R.C.P. 1030. Furthermore, Rule 1032 instructs that "[a] party waives all defenses and objections which are not presented either by preliminary objection, answer or reply . . . ." Pa.R.C.P. 1032. In *Samuel J. Marranca General Contracting Co. v. American Cherry Hill Associates Ltd. Partnership,* 416 Pa. Super. 45, 610 A.2d 499 (1992), our Superior Court held that the defendant waived any right it had to mandatory arbitration when it failed to raise the issue in its answer and new matter. That court, relying on Rules 1030 and 1032, confirmed that the defense of arbitration is an affirmative defense and, as such, must be pleaded in new matter or it is waived. 416 Pa. Super. at 49-50, 610 A.2d at 501. The court further noted that the defendant: "[h]ad every opportunity to raise and pursue the issue of arbitration but failed to do so. [Defendant] cannot avail itself of the judicial process and then pursue an alternate route when it receives an adverse judgement. To allow litigants to pursue that course and thereby avoid the waiver doctrine and our rules of court is to advocate judicial inefficiency; this we are unwilling to do." *Id.* at 50-51, 610 A.2d at 501-502.

It is noteworthy that that defendant filed its arbitration demand two weeks after it had filed its answer. See also, *Goral v. Fox Ridge Inc.,* 453 Pa. Super. 316, 323, 683 A.2d 931, 934 (1996) (denying motion to compel arbitration even though the defense was raised in new matter because of waiver doctrine, stating that "had [the party] truly wanted to invoke the arbitration process to preclude litigation, they could have done so by means of preliminary objections" and not awaited discovery);

*St. Clair Area School District Board of Education v. E.I. Associates,* 733 A.2d 677, 682 n.6 (Pa. Commw. 1999) (denying motion to compel arbitration where the issue was never raised by preliminary objections and defendant's petition was filed only a few weeks before trial, thus establishing that defendant "through its conduct, accepted the judicial process and waived the right to arbitrate this case.").

Here, Sharp never raised the arbitration defense by way of preliminary objections or in answer and new matter. Further, Sharp served discovery upon IKON, which IKON responded to. It was only when IKON served discovery on Sharp that Sharp first objected to this court's jurisdiction, citing the arbitration provision. This court submits that Sharp has, by its conduct, waived the right to mandatory arbitration.

Finally, Sharp's petition should be denied on the grounds of judicial economy and fairness to the other litigants. If Sharp's petition were granted, IKON would be forced to litigate the same issues twice. The fair approach here is to have the litigation go forward and have the trier of fact determine all the parties' rights and/or obligations in one trial.

## CONCLUSION

For the reasons stated, this court respectfully submits that the order denying additional defendant Sharp's petition to compel arbitration, dismiss or stay litigation should be affirmed.