J-A18022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JESSICA RODRIGUEZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FULTON BANK, N.A. | |
| Appellant | No. 1805 MDA 2013 |

Appeal from the Order Entered on September 17, 2013
In the Court of Common Pleas of Berks County
Civil Division at No.: 13-3748

BEFORE:  LAZARUS, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                    **FILED OCTOBER 02, 2014**

Fulton Bank, N.A. ("Fulton") appeals from the order entered on September 17, 2013, denying Fulton's petition to compel arbitration.  We affirm.

The trial court set forth the pertinent factual and procedural history of this case as follows:

> Jessica Rodriguez ("Rodriguez") purchased a 2005 Honda Pilot SUV from a used car dealer in July 2008.  Fulton financed the transaction for the vehicle through a promissory note and took a security interest in the vehicle.  In the fall of 2009, Fulton declared a default on the note and repossessed Rodriguez' automobile on November 23, 2009.
>
> Rodriguez filed a class action complaint on November 5, 2012 in Philadelphia County.  Rodriguez alleges that[,] as a result of

Fulton's systematic violations of [the notice requirements of Pennsylvania's Uniform Commercial Code[1] ("UCC")], she and the class she represents are entitled to a minimum of statutory damages [as] prescribed by the legislature in the UCC.[2] On December 19, 2012, Fulton filed its preliminary objections to the class complaint seeking dismissal on the merits for claimed lack of damages and lack of standing. Fulton asked that[,] if the case was not dismissed on the merits[,] the suit be transferred to [the Berks County Court of Common Pleas], based on a venue clause in the consumer security agreement. The Philadelphia County Court of Common Pleas did not grant Fulton's preliminary objections, but did grant [its] request to transfer the matter to [Berks County].

Trial Court Opinion ("T.C.O."), 12/9/2013, at 1-2 (minor modifications for clarity; unnumbered).

On March 18, 2013, after the Berks County Court of Common Pleas docketed the case, Fulton filed a petition to compel arbitration. Therein, Fulton alleged that Rodriguez' checking account agreement contained an arbitration provision that also controlled the instant dispute between Rodriguez and Fulton. On September 17, 2013, after extensive briefing and oral argument, the trial court denied Fulton's petition to compel arbitration.

---

[1] 13 Pa.C.S. §§ 9601, *et seq*.

[2] **See** 13 Pa.C.S. § 9625(c)(2) ("[A] debtor . . . at the time a secured party failed to comply with this chapter may recover for that failure in any event an amount not less than the credit service charge plus 10% of the principal amount of the obligation or the time price differential plus 10% of the cash price.").

On October 8, 2013, Fulton filed a notice of appeal.[3]  On October 15, 2013, the trial court ordered Fulton to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Fulton timely complied.  On December 9, 2013, the trial court filed its Rule 1925(a) opinion.

Fulton presents two issues for our consideration:

1.

Both of Fulton's arguments relate to the trial court's denial of its motion to compel arbitration. Fulton's primary contention before us is that Rodriguez' claim falls within the scope of an arbitration provision into which Rodriguez entered when she opened a checking account with Fulton. However, we must first determine whether Fulton has waived any right that it may have had to compel arbitration. Accordingly, we begin with Fulton's second issue.

It is well-settled that "[a]s a matter of public policy, our courts favor the settlement of disputes by arbitration." *Goral v. Fox Ridge, Inc.*, 683 A.2d 931, 933 (Pa. Super. 1996). Nevertheless, a party may waive its right to enforce an arbitration clause either by (1) an express declaration, or (2) undisputed acts or language that are "so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary." *Samuel J. Marranca Gen. Contr. Co.*, *v. Amerimar Cherry Hill Assocs. Ltd. P'ship*, 610 A.2d 499, 501 (Pa. Super. 1992) (citation omitted). With regard to the latter avenue, a party's acceptance of the regular channels of the judicial process is sufficient to demonstrate that it has waived its right to seek arbitration. *Smay v. E.R. Stuebner, Inc.*, 864 A.2d 1266, 1278 (Pa. Super. 2004).

In determining whether a party has accepted the judicial process, we may consider the degree to which the party has:

> (1) fail[ed] to raise the issue of arbitration promptly, (2) engage[d] in discovery, (3) file[d] pretrial motions which do not raise the issue of arbitration, (4) wait[ed] for adverse rulings on

pretrial motions before asserting arbitration, or (5) wait[ed] until the case is ready for trial before asserting arbitration.

***Stanley-Laman Grp., Ltd. v. Hyldahl***, 939 A.2d 378, 387 (Pa. Super. 2007) (quoting ***St. Clair Area Sch. Dist. Bd. of Ed. v. E.I. Assocs.***, 733 A.2d 677, 682 n.6 (Pa. Cmwlth. 1999)). We remain cognizant, however, that "a waiver of a right to proceed to arbitration pursuant to the term of a contract providing for binding arbitration should not be lightly inferred[,] and unless one's conduct has gained him an undue advantage or resulted in prejudice to another he should not be held to have relinquished the right." ***Kwalick v. Bosacco***, 478 A.2d 50, 52 (Pa. Super. 1984).

Instantly, Fulton maintains that it has not waived its right to pursue arbitration because its "actions came nowhere near the level required" to establish waiver. Brief for Fulton at 16. Specifically, Fulton emphasizes that it has not obtained a decision on the merits of the case, and that it did not seek discovery from Rodriguez. ***Id.*** Nonetheless, a finding of waiver does not hinge on these two factors alone. We also must consider whether the record as a whole demonstrates that Fulton accepted the regular channels of the judicial process, ***Smay***, 864 A.2d at 1278, and we must verify for ourselves the veracity of Fulton's assertions regarding the other factors.

The trial court reasoned that Fulton waived its right to compel arbitration because its conduct throughout the litigation was inconsistent with the intent to arbitrate. Specifically, the trial court noted that Fulton's preliminary objections (which made no mention of arbitration) sought

dismissal of Rodriguez' claim on the merits. T.C.O., 12/9/2013, at 7. In the event that the Philadelphia Court of Common Pleas did not grant Fulton's demurrer on the merits, Fulton asked that the court transfer venue to Berks County. Fulton did not, at this time, seek to compel Rodriguez to submit to arbitration.

In **Samuel J. Marranca**, Marranca filed a writ of summons and a subsequent complaint against Amerimar for breach of contract. 610 A.2d at 499. Amerimar filed preliminary objections to the complaint alleging *forum non conveniens* and improper venue, which the trial court denied. **Id.** at 500. Thereafter, Amerimar filed an answer to the complaint. **Id.** Amerimar then filed a motion to compel arbitration. **Id.** The trial court held that Amerimar had waived its right to arbitration. **Id.** On appeal, we affirmed, holding that Amerimar could not pursue arbitration once it had taken steps toward accepting the judicial process. **Id.** at 501. Specifically, we found that Amerimar's conduct—namely, its choosing not to file initially a petition to compel arbitration, not asserting arbitration as an affirmative defense, and waiting until it received an adverse ruling on pretrial motions before seeking to enforce the arbitration clause—all demonstrated waiver. **Id.**

Similarly, in **Goral**, 683 A.2d at 931, the plaintiffs filed a complaint against multiple defendants raising numerous claims relating to an agreement for the sale of property. In response, the defendants filed a new matter wherein they set forth various substantive challenges to the plaintiffs' claims. **Id.** at 932. The defendants alternatively pleaded that the plaintiffs'

claims were required to be submitted to common law arbitration. *Id.* Thereafter, the plaintiffs served interrogatories and a request for production of documents, which the defendants objected to, arguing again that the claims should be submitted to arbitration. *Id.* The trial court granted the plaintiffs' motion to compel discovery. *Id.* Subsequently, the defendants finally filed a motion to compel arbitration, which the trial court denied, finding that the defendants had waived their right to arbitration. *Id.* at 932–33.

We affirmed the trial court's denial, concluding that the defendants' "repeated references to the arbitration agreement [were] not sufficient to avoid a finding of waiver." *Id.* at 933. Moreover, we found that, even though the defendants had raised arbitration in their new matter, they did so "only as an alternative to their preferred option of winning a favorable ruling from the trial court." *Id.* We also noted that the defendants initially "did nothing to move the matter to arbitration[,]" instead "allow[ing] the case to linger on the trial court's docket and await discovery." *Id.* at 934.

As in the above cases, Fulton's actions throughout the pendency of this litigation plainly indicate a preference for judicial proceedings to resolve the instant dispute for as long as there was a chance that it would prevail without the burden of a trial. Significantly, Fulton filed preliminary objections, which did not raise the issue of arbitration, in Philadelphia County. *See* Pa.R.C.P. 1028(a)(6) (noting that an "agreement to arbitrate may be asserted by preliminary objection or by petition to compel

- 7 -

arbitration"). Fulton's first preliminary objection was in the nature of a demurrer. Therein, Fulton sought dismissal of Rodriguez' complaint with prejudice for failure to state a claim upon which the trial court could grant relief.[4] In its second preliminary objection, Fulton alleged improper venue pursuant to Pa.R.C.P. 1028(a)(1) and requested that the case be transferred to Berks County **only** in the event that the court did not sustain Fulton's first preliminary objection. Memorandum in Support of Fulton's Preliminary Objections, 12/19/2012, at 9. Moreover, Fulton filed responses and objections to Rodriguez' interrogatories and requests for production of documents, provided Rodriguez with documents, participated in discovery conferences, and pursued a confidentiality stipulation. T.C.O., 12/9/2013, at 8.

These actions are "so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary." **Goral**, 683 A.2d at 933. The record belies Fulton's assertion that it engaged in only "a nominal amount of litigation" and a "small amount of written discovery." Brief for Fulton at 33, 35. Our determination of whether a party has waived its right to proceed to arbitration is not merely an exercise in arithmetic. As explained, *supra*, any significant conduct that

---

[4] The basis of Fulton's objection was that Rodriguez' complaint failed to allege that she had suffered any damages due to Fulton's purportedly deficient repossession notice. Memorandum in Support of Fulton's Preliminary Objections, 12/19/2012, at 5.

evidences a party's acceptance of the regular channels of the judicial process is sufficient to support a finding of waiver. ***Smay***, 864 A.2d at 1278. Hence, we reject Fulton's attempts to distinguish this case based upon the quantity of docket entries.

This leaves us with only the question of whether Rodriguez has demonstrated that she suffered prejudice due to Fulton's delay in seeking arbitration. Fulton argues that she has not. ***Id.*** at 36. We disagree. Had Fulton promptly raised the arbitration provision, either in its preliminary objections to Rodriguez' complaint, or in a petition to compel arbitration, Rodriguez would have been spared the time, effort, and expense of defending against Fulton's substantive challenge to her claim and its corresponding challenge to Rodriguez' choice of venue. In addition to the costs that Rodriguez has incurred to date, she would suffer further expense if the matter were to be remitted to arbitration at this juncture. ***See GE Lancaster Investments, LLC v. Am. Exp. Tax & Bus. Servs., Inc.***, 920 A.2d 850, 856 (Pa. Super. 2007); ***Goral***, 683 A.2d at 934.

Permitting Fulton to avail itself of the judicial process initially, only to subsequently reverse course and pursue arbitration, would be manifestly unfair to Rodriguez. "To allow litigants to pursue that course and thereby avoid the waiver doctrine and our rules of court is to advocate judicial inefficiency; this we are unwilling to do." ***Samuel J. Marranca***, 610 A.2d at 502. Fulton unquestionably sought relief through the judicial process, failed to raise the arbitration clause promptly, and engaged in pre-trial discovery.

- 9 -

Each of these acts began well before Fulton so much as uttered the word "arbitration." Accordingly, the trial court did not abuse its discretion in denying Fulton's petition to compel arbitration.

Fulton's remaining issue challenges the trial court's determination that Fulton failed to meet its burden of demonstrating that the agreement to arbitrate was susceptible to an interpretation that would cover the instant dispute. However, our conclusion that Fulton has waived any right that it had to seek arbitration renders that issue moot.

Order affirmed.

Lazarus, J. joins the memorandum.

Musmanno, J. concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/2/2014