J-A15014-20

2020 PA Super 259

| | | |
|---|---|---|
| RUTH ANN DIDONATO, ADMINISTRATRIX OF THE ESTATE OF J.D. | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : : | |
| SKI SHAWNEE, INC., BLAIR ACADEMY AND JOHN PADDEN | : : : | |
| APPEAL OF: BLAIR ACADEMY AND JOHN PADDEN | : : | No. 1704 EDA 2019 |

Appeal from the Order Entered May 10, 2019
In the Court of Common Pleas of Monroe County
Civil Division at No(s):  No. 9426-CV-2018

| | | |
|---|---|---|
| RUTH ANN DIDONATO, ADMINISTRATRIX OF THE ESTATE OF J.D., DECEASED, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| SKI SHAWNEE, INC., BLAIR ACADEMY & JOHN PADDEN | : : : | No. 3295 EDA 2019 |

Appeal from the Order Entered May 10, 2019
In the Court of Common Pleas of Monroe County
Civil Division at No(s):  9426-CV-2018

BEFORE:   DUBOW, J., KING, J., and STRASSBURGER, J.[*]

OPINION BY KING, J.:                           **FILED OCTOBER 27, 2020**

Appellants/Cross-Appellees, Blair Academy & John Padden (collectively,

"the Academy defendants"), and Appellee/Cross-Appellant, Ruth Ann

_____

[*] Retired Senior Judge assigned to the Superior Court.

DiDonato, administratrix of the estate of J.D., deceased ("the Estate"), appeal from the order entered in the Monroe County Court of Common Pleas, which granted in part and denied in part the Academy defendants' motion to sever the claims against defendant Ski Shawnee, Inc. ("Ski Shawnee") and to compel arbitration, in this wrongful death and survival action. We affirm in part, reverse in part, and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On December 26, 2017, the Estate initiated this action by writ of summons. The Estate filed a complaint in the Philadelphia County Court of Common Pleas on January 15, 2018, against Ski Shawnee and the Academy defendants. The complaint alleged that in the fall of 2016, Decedent enrolled at Blair Academy, a private boarding school in Blairstown, New Jersey. Prior to her enrollment, Decedent had been living in Singapore with her parents. Blair Academy required all students to participate in an organized sport. John Padden, the head coach of the ski team, permitted Decedent to join the ski team. According to the complaint, any student who wanted to try out for the team needed to have the ability to ski nearly any trail on any mountain under any condition. Decedent did not satisfy those requirements.

Notwithstanding her lack of ability, on January 9, 2017, during an event at Ski Shawnee, Mr. Padden directed Decedent to ski down the Lower Tomahawk Trail—an advanced, "black diamond" trail that was the most difficult trail on the mountain. Ski Shawnee had installed snowmaking

equipment at the bottom of the trail, requiring skiers to make a sharp turn to avoid the equipment. Decedent was unable to navigate the turn at the bottom of the hill, crashed into the equipment, and suffered fatal injuries. Decedent was 15-years-old at the time of her death. The Estate brought two counts— a survival action by the Estate and a wrongful death action on behalf of Decedent's parents. (*See* Complaint, filed 1/15/18, at ¶¶ 1-45; R.R. at 9a-11a).

On February 6, 2018, Ski Shawnee filed preliminary objections alleging, *inter alia*, improper venue in Philadelphia County.[1] The Academy defendants also filed preliminary objections raising improper venue on February 13, 2018.

Meanwhile, the Estate entered into separate stipulations with Ski Shawnee and the Academy defendants to strike certain paragraphs from the complaint and to withdraw a claim for punitive damages without prejudice to move to reinstate that claim after the close of discovery.

On February 16, 2018, the Academy defendants filed a notice to remove the case to federal court in the Eastern District of Pennsylvania based on diversity jurisdiction. In their removal petition, the Academy defendants insisted that Ms. DiDonato was a fraudulent party to the action who has no connection with Decedent. The Academy defendants claimed Ms. DiDonato is an associate attorney with a law firm located in Philadelphia, and she was

---

[1] The complaint alleged venue in Philadelphia was proper because Ski Shawnee regularly conducted and solicited business there.

selected solely to perfect venue in Philadelphia. The Academy defendants maintained that Decedent (prior to her death) and her parents reside in Singapore and are citizens of a foreign state for purposes of diversity citizenship.

The Estate filed a motion to remand the case to state court on February 28, 2018. On March 19, 2018, the Eastern District of Pennsylvania granted the Estate's motion to remand for lack of jurisdiction in federal court. The federal court stated that because Ski Shawnee is a properly joined and served defendant and is a Pennsylvania corporation, removal to federal court was improper.[2]

Upon remand to the Philadelphia County Court of Common Pleas, the Estate filed answers to the Academy defendants' preliminary objections and to Ski Shawnee's preliminary objections. In its answers, the Estate maintained that venue was proper in Philadelphia because one defendant, Ski Shawnee, regularly conducts business there.

The parties subsequently engaged in discovery related to the issue of venue. On August 27, 2018, the court scheduled a hearing for October 25, 2018, on the venue issue. Following the hearing, the court entered an order on October 29, 2018, sustaining the Academy defendants' and Ski Shawnee's

---

[2] **See** 28 U.S.C. § 1441(b)(2) (explaining diversity of citizenship actions may not be removed if any of parties in interest properly joined and served as a defendant is citizen of state in which such action is brought).

preliminary objections based on improper venue, and transferring the case to the Monroe County Court of Common Pleas.

On December 17, 2018, the Academy defendants filed a motion to sever the claims against Ski Shawnee, and to compel arbitration. The Academy defendants alleged that Decedent's mother had signed an enrollment contract on behalf of Decedent's father and on behalf of Decedent, which included an arbitration clause. The Academy defendants claimed that the broad language contained in the contract manifested the parties' intent to resolve **any** claims or disputes in arbitration. (**See** Academy defendants' Motion to Sever and to Compel Arbitration, filed 12/17/18, at 1-4; R.R. at 50a-53a).

The Academy defendants attached the enrollment contract to their motion as Exhibit B. The enrollment contract provides, in pertinent part:

> By signing this agreement, we agree that any claim or dispute between us and Blair Academy, or against any agent, employee, successor, or assign of the other, whether related to this agreement or otherwise, and any claim or dispute related to this agreement or the relationship or duties contemplated under this contract, including the validity of this arbitration clause, shall be resolved by mandatory and binding arbitration. This arbitration agreement applies to all claims now in existence or that may arise in the future and shall survive the termination of the student's enrollment at Blair Academy. We understand that the result of this arbitration agreement is that claims cannot be litigated in court, including some claims that could have been tried before a jury. A single arbitrator shall be appointed by the American Arbitration Association and serve under the rules thereunder. The hearing shall be in Blairstown, New Jersey. We agree that the prevailing party shall be reimbursed for the costs of arbitration and litigation, including any legal fees. This agreement shall be governed by and interpreted under the Federal Arbitration Act, 9

U.S.C. Sections 1-16. If any part of this arbitration agreement is found to be invalid or unenforceable under any law or statute consistent with the F.A.A., the remainder of this arbitration agreement shall be enforceable without regard to such invalidity or unenforceability.

(Enrollment Contract, dated 3/20/16, at ¶5; R.R. at 40a, 52a).

Meanwhile, Ski Shawnee filed an answer, new matter, and cross-claim against the Academy defendants, in response to the Estate's complaint. The Estate filed a reply on January 3, 2019.

On January 9, 2019, the Estate filed an answer to the Academy defendants' motion to sever and compel arbitration. Initially, the Estate argued that the Academy defendants had waived any claim regarding arbitration because their preliminary objections did not raise any issue related to jurisdiction or the arbitrability of the Estate's claims. The Estate maintained that the parties had engaged in extensive discovery related to venue, and the Academy defendants did not proffer the enrollment contract or mention the arbitration clause at any time, even though the Estate had requested the production of any contracts or agreements related to its claims. By participating in litigation for almost one year already, the Estate insisted the Academy defendants had waived their claim to arbitration.

The Estate also claimed the purported contract related solely to Decedent's parents' obligation to pay tuition and did not reference any duties or obligations owed by or to Decedent. The Estate contended that Decedent's mother was the only signatory to the contract, and neither the administratrix,

nor Decedent, was a party to the agreement. The Estate stressed that under Pennsylvania law, parents do not have authority to release claims or forfeit constitutional rights of their minor children.

The Estate claimed Mr. Padden is not a party to the enrollment contract, so any claims against him do not belong in arbitration. Similarly, the Estate averred that Ski Shawnee's cross-claim against the Academy defendants does not belong in arbitration because Ski Shawnee is not a party to the enrollment contract. In any event, the Estate insisted the enrollment contract did not contain a valid agreement to arbitrate. (**See** Estate's Answer to Academy defendants' Motion to Sever and to Compel Arbitration, filed 1/9/19, at 1-6; R.R. at 70a-75a).

On January 9, 2019, Ski Shawnee also filed a response to the Academy defendants' motion to sever and compel arbitration. Ski Shawnee echoed the Estate's claim that the Academy defendants had waived any right to arbitration because they failed to produce the enrollment contract in response to discovery requests and had already participated in litigation for one year, including an attempt to remove the case to federal court. Ski Shawnee also alleged that its cross-claim could not proceed to arbitration since it did not sign the contract containing the arbitration provision. Ski Shawnee further joined the Estate's position that Pennsylvania law does not permit parents to sign away their minor child's rights. Ski Shawnee requested oral argument on the Academy defendants' motion. (**See** Ski Shawnee's Response to

Academy defendants' Motion to Sever and to Compel Arbitration, filed 1/9/19, at 1-5; R.R. at 147a-151a).

The court scheduled a hearing on the Academy defendants' motion for February 27, 2019. In the meantime, the Academy defendants filed an answer and new matter to the Estate's complaint. The new matter included the Academy defendants' claim of arbitration. (*See* Academy defendants' Answer and New Matter, filed 1/17/19, at 1-14; R.R. at 22a-35a). The Estate filed a reply on January 31, 2019.

On February 13, 2019, the Academy defendants filed a motion for leave to file a reply brief *nunc pro tunc*, in response to the Estate's answer to their motion to sever and compel arbitration. The Academy defendants attached a copy of the proposed reply brief to their motion, in which they alleged, *inter alia*, they promptly raised the arbitration issue once the court had adjudicated the venue issue. The Academy defendants claimed they responded only to initial discovery limited to venue, attended depositions limited to venue, and the case was far from "trial ready." The Academy defendants contended that their attempt to remove the case to federal court did not involve any ruling on the merits of the Estate's claims. The Academy defendants insisted the Estate was not prejudiced by the timing of their motion to sever and compel arbitration. (*See* Academy defendants' Reply Brief, filed 2/13/19, at 1-11; R.R. at 220a-230a).

The court granted the Academy defendants' request for *nunc pro tunc*

relief on February 14, 2019, instructing the Prothonotary to docket the reply brief attached to their motion.

On February 27, 2019, the court heard oral argument on the Academy defendants' motion to sever and compel arbitration.[3] Following argument, all parties submitted additional briefs in support of their respective positions.

The court entered an opinion and order on May 10, 2019, granting in part and denying in part the Academy defendants' motion. Specifically, the court granted the motion to compel arbitration of the Estate's survival claim and of Mother's wrongful death claim. The court denied the motion to compel arbitration of Father's wrongful death claim. To the extent the Academy defendants also sought to compel arbitration of the Estate's claims against Ski Shawnee, the court denied that request. (**See** Opinion and Order, filed 5/10/19, at 1-19; R.R. at 243a-261a).

On June 6, 2019, the Academy defendants timely filed a notice of appeal. The next day, the Estate timely filed a cross-appeal.[4] The Estate also filed a *praecipe* to amend the order for appellate certification under 42 Pa.C.S.A. § 702(b) and Pa.R.A.P. 1311 (governing interlocutory appeals by permission). On June 10, 2019, the court amended its May 10, 2019 order,

---

[3] This proceeding was not transcribed.

[4] Ski Shawnee subsequently filed a notice to join the Estate's cross-appeal under Pa.R.A.P. 512 (governing joint appeals).

expressly certifying it for immediate appellate review. The Estate timely filed a formal petition for permission to appeal per Rule 1311(b), which this Court granted.[5]

The trial court ordered the parties to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Academy defendants timely complied on June 28, 2019, and the Estate timely complied on July 2, 2019.

In their appeal, the Academy defendants raise the following issue for our review:

> Did the trial court err in denying the motion to compel arbitration, in part, and in refusing to also refer to arbitration the father's wrongful death claim, where the father is not a party to the action and where the mother executed the arbitration agreement on behalf of both parents?

(The Academy defendants' Brief at 4).

In its cross-appeal, the Estate raises the following issues for our review:

> Whether it was an abuse of discretion for the trial court to fail to conclude, or even consider, that the boarding school tuition payment agreement did not constitute a valid, binding and enforceable contract?
>
> Whether it was an abuse of discretion for the trial court to fail to conclude, or even consider, that [the Estate's]

_____

[5] Although an order denying an application to compel arbitration is immediately appealable under Pa.R.A.P. 311(a)(8) and 42 Pa.C.S.A. § 7320(a)(1), the Estate filed the petition for permission to appeal to the extent that the portion of the court's order compelling arbitration was not immediately appealable. The Estate's petition for permission to appeal and this Court's order granting relief are docketed at 77 EDM 2019.

- 10 -

> wrongful death and survival claims are not subject to the arbitration clause contained within the purported contract for boarding school tuition payment?
>
> Whether it was an abuse of discretion for the trial court to conclude that [Decedent's mother] waived her minor daughter's constitutional right to a jury trial?
>
> Whether it was an abuse of discretion for the trial court to not conclude that [the Academy defendants], by participating in litigation for nearly one year before raising the purported applicability of an arbitration clause, waived the defense of mandatory private arbitration?
>
> Whether it was an abuse of discretion for the trial court to refuse to compel arbitration as to the wrongful death claim of [Decedent's father]?

(The Estate's Brief at 3-4).[6]

For purposes of disposition, we initially address the Estate's fourth issue on appeal concerning the Academy defendants' waiver of arbitration. In this issue, the Estate argues the Academy defendants were required to raise the issue of arbitration in their preliminary objections to the Estate's complaint, citing Pa.R.C.P. 1028(a). The Estate asserts that the Academy defendants did not file a motion to compel arbitration until December 17, 2018, almost a full year after the Estate instituted this civil action. During that year, the Estate claims that the Academy defendants accepted judicial process by filing pre-trial motions, answering the Estate's interrogatories and requests for production of documents, participating in depositions related to the

---

[6] The Pennsylvania Association for Justice filed an *amicus curiae* brief in support of the Estate's issues.

preliminary objections, and attending the hearing on preliminary objections, all without raising the issue of arbitration. The Estate concludes the Academy defendants waived their claim of arbitration by failing to raise it in a timely manner, and this Court must reverse the portion of the court's order compelling arbitration.[7] We agree.

"In reviewing the trial court's decision in [this] matter, we are limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion." *Goral v. Fox Ridge, Inc.*, 683 A.2d 931, 933 (Pa.Super. 1996).

"It is well-settled that although as a matter of public policy, our courts favor the settlement of disputes by arbitration, the right to enforce an arbitration clause can be waived." *O'Donnell v. Hovnanian Enterprises, Inc.*, 29 A.3d 1183, 1187 (Pa.Super. 2011) (quoting *LSI Title Agency, Inc. v. Evaluation Services, Inc.*, 951 A.2d 384, 391-92 (Pa.Super. 2008), *appeal denied*, 599 Pa. 694, 960 A.2d 841 (2008)) (internal quotation marks omitted). A party that avails itself of the judicial process by attempting to win favorable rulings from the judicial system following the filing of a complaint

_____

[7] Ski Shawnee filed an appellate brief in this case, which reiterates the Estate's claim of waiver. Ski Shawnee adds that the Academy defendants failed to produce the enrollment contract in response to a pre-trial discovery request for "any document which refers to, relates to or evidences any communication between you and [Decedent]." (Ski Shawnee's Brief at 10).

waives the right to proceed through arbitration. **Stanley-Laman Group, Ltd. v. Hyldahl**, 939 A.2d 378, 387 (Pa.Super. 2007).

When deciding whether a party accepted judicial process to constitute waiver of a claim to arbitration, courts assess whether the party: (1) failed to raise the issue of arbitration promptly; (2) engaged in discovery; (3) filed pre-trial motions that do not raise the issue of arbitration; (4) waited for adverse rulings on pre-trial motions before asserting arbitration; **or** (5) waited until the case is ready for trial before asserting arbitration. **O'Donnell, supra**. Significantly, a party "cannot avail itself of the judicial process and then pursue an alternate route when it receives an adverse judgment. To allow litigants to pursue that course and thereby avoid the waiver doctrine and our rules of court is to advocate judicial inefficiency; this we are unwilling to do." **Samuel J. Marranca General Contracting Co. v. Amerimar Cherry Hill Associates**, 610 A.2d 499, 502 (Pa.Super. 1992). Nevertheless, "the mere filing of a complaint or answer without resulting prejudice to the objecting party will not justify a finding of waiver of the right to arbitration." **LSI, supra** at 392 (quoting **Keystone Tech. Group, Inc. v. Kerr Group, Inc.**, 824 A.2d 1223, 1226 (Pa.Super. 2003)).

In **Samuel J. Marranca, supra**, the appellee filed his complaint on June 25, 1990. The appellant filed preliminary objections alleging improper venue and *forum non conveniens*. After the court overruled the preliminary objections, the appellant filed its answer on July 11, 1991. Approximately two

weeks later, the appellant first asserted a demand for arbitration. After the appellee refused this request, the appellant filed a motion to compel arbitration and stay judicial proceedings. The trial court decided the appellant had waived any right to arbitration, stating:

> The record in this case unequivocally establishes a willingness on the part of [the appellant] to have the Court of Common Pleas adjudicate the issues being raised without resort to arbitration as long as the [c]ourt was not the Luzerne County Court of Common Pleas. Clearly, [the appellant] was ready to litigate this case in another jurisdiction and, accordingly, we find it difficult to understand and/or appreciate how, after having made and lost the venue and *forum non conveniens* arguments, it can now contend that the arbitration is mandatory and not elective.

*Samuel J. Marranca, supra* at 500-01.

On appeal, this Court agreed with the trial court's conclusion that the appellant waived its right to enforce the arbitration clause. This Court reasoned:

> Here, [the appellant's] conduct amounts to waiver. [The appellant] chose not to file a petition to compel arbitration. [The appellant] also elected not to assert arbitration as an affirmative defense either in preliminary objections or in new matter. Instead, [the appellant] waited until it had received an adverse ruling on pretrial motions before invoking and seeking to enforce the arbitration provision of the contract. …

*Id.* at 501.

In *O'Donnell, supra*, the appellants originally filed their complaint on April 25, 2007. The appellee filed preliminary objections, which did not raise an arbitration claim. The appellants filed an amended complaint on July 17,

- 14 -

2007. The appellee filed another set of preliminary objections, which did not raise a claim of arbitration. On February 13, 2008, the trial court sustained the preliminary objections in part, dismissing one count of the amended complaint. Approximately two weeks later, the parties executed a tolling agreement, discontinuing the litigation without prejudice while they engaged in settlement negotiations. When those negotiations failed, the appellants reinstituted the litigation by filing another complaint on February 2, 2010, omitting the count that had been dismissed by the trial court. In response, the appellee filed preliminary objections on March 19, 2010, raising for the first time an arbitration agreement between the parties. The trial court sustained the preliminary objections and compelled arbitration.

On appeal, this Court reversed, holding the appellee had waived its claim of arbitration. This Court stated:

> Had [the appellee] raised the arbitration provision in its preliminary objections to the April 2007 Complaint, [the appellants] would have been spared the time, effort, and expense of filing an amended complaint in July 2007, discontinuing the action to engage in settlement negotiations, entering the Tolling Agreement and Amendment, filing a complaint in February 2010, and filing an amended complaint in April 2010. Similarly, the trial court would have been spared the time and effort of reviewing the July 2007 amended complaint and second set of preliminary objections, the motion to discontinue without prejudice, and the February 2010 complaint. Moreover, [the appellee's] contention that [the appellants] gained two years for preparation of its case ignores the fact that [the appellee's] failure to raise the arbitration provision promptly in April 2007 caused the two-year delay in proceeding to binding arbitration. …

- 15 -

… Beginning in 2007, [the appellee] availed itself of the judicial process by filing preliminary objections; however, it did not promptly raise the arbitration provision at that time.
…

Based on the foregoing, we conclude that [the appellee] **waived** its right to binding arbitration. As [the appellants] claim, the simple fact that [the appellee] allowed the Preliminary Objection process to proceed for months, with the arbitration argument at the ready, involves a conscious engagement with the judicial process that cannot be ignored. [The appellee's] conduct was inconsistent with a purpose to stand on the contract arbitration provision as to leave no opportunity for a reasonable inference to the contrary. Moreover, [the appellee's] active participation in the judicial process resulted in an undue advantage to [the appellee] and prejudice to [the appellants], specifically, the dismissal of Count VII and an avoidable, two-year delay in proceeding to binding arbitration. For these reasons, we conclude the trial court committed an error of law in sustaining [the appellee's] preliminary objections, dismissing the complaint, and transferring the matter to binding arbitration.

*O'Donnell, supra* at 1188-89 (internal citations and quotation marks omitted) (emphasis in original). *See also Goral, supra* (holding appellants waived claim to arbitration where they did not affirmatively seek arbitration until 19 months after appellees had filed complaint; prior to that time, appellants did nothing to move matter to arbitration and allowed case to linger on court's docket; it was not until litigation resulted in order requiring appellants to satisfy appellees' discovery requests that appellants sought arbitration; appellees suffered prejudice where, in addition to litigation costs already incurred, they would be required to re-initiate legal proceedings before American Arbitration Association and incur additional costs). *Compare Smay*

*v. E.R. Stuebner, Inc.*, 864 A.2d 1266 (Pa.Super. 2004) (holding appellant did not waive right to arbitration where appellant consistently asserted its right to arbitration and used judicial system only to preserve that right and protect its discovery interests).

Instantly, in addressing the Estate's waiver argument, the trial court stated:

> [The Academy defendants] did pursue early tactical maneuvers in this case before raising their claim for arbitration, including removal to federal court and a challenge to venue. They participated in discovery but only related to their venue challenge. Their motion to sever [and compel arbitration] has been filed before they have filed an answer to the complaint. Pursuant to Pa.R.C.P. 1030, they are permitted to raise the defense of arbitration by new matter.
>
> The right to use arbitration can be lost if an objecting party has suffered prejudice in the litigation proceedings. Here[, the Estate] has not demonstrated how [the Academy defendants] have gained an undue advantage by raising the request for arbitration at this point. …
>
> Since [the Academy defendants] raised their defense of arbitration at this early juncture before the pleadings are closed, I find that they have not waived their right to pursue arbitration. …

(Opinion and Order at 13-14; R.R. at 255a-256a) (internal citations omitted). For the following reasons, we cannot agree with the trial court's analysis.

Here, the record confirms the Estate filed a complaint in the Philadelphia County Court of Common Pleas on January 15, 2018. The Academy defendants initially reached a stipulation with the Estate to strike one paragraph of the complaint and to withdraw the claim of punitive damages,

without prejudice to the Estate's right to reinstate that claim after the close of discovery. On February 13, 2018, the Academy defendants filed preliminary objections based on improper venue. A few days later, the Academy defendants filed a notice of removal of the case to federal court based on diversity jurisdiction. The Estate filed a motion to remand, which the Eastern District Court of Pennsylvania granted on March 19, 2018.

Upon remand, the Estate responded to the Academy defendants' preliminary objections. The parties then engaged in extensive pre-trial discovery on the issue of venue. The Academy defendants do not dispute that they did not produce the enrollment contract or mention the arbitration clause in response to pre-trial discovery requests for any contract related to the claims in this case.[8] Following a hearing on the venue issue, on October 25, 2018, the court sustained the preliminary objections and transferred the case to the Monroe County Court of Common Pleas.

On December 17, 2018, almost a full year after the Estate had filed its complaint, the Academy defendants filed a motion to sever the claims against Ski Shawnee and to compel arbitration, raising the issue of arbitration and

_____

[8] The Academy defendants contend they did not produce the enrollment contract in response to the request for "any document which refers to, relates to or evidences any communication between you and [Decedent]" because the enrollment contract was between Blair Academy and Decedent's parents. (Academy defendants' Reply Brief at 33 n.14). In light of the Academy defendants' attempt to bind Decedent to the contract for purposes of the survival action, we find their response in this respect disingenuous.

- 18 -

producing a copy of the enrollment contract for the first time since litigation began.  The Academy defendants subsequently filed an answer and new matter, which reiterated the claim for arbitration.

Under these circumstances, the record demonstrates that the Academy defendants accepted judicial process and waived their claim of arbitration. *See Stanley-Laman, supra*.  Significantly, the Academy defendants (1) did not raise the issue of arbitration for almost a year after the Estate filed its complaint; (2) engaged in pre-trial discovery on the issue of venue, during which it did not produce the enrollment contract or mention the arbitration provision; (3) filed preliminary objections based on improper venue, which did not raise the issue of arbitration, and filed a notice of removal to federal court; and (4) waited for the trial court's rulings on the preliminary objections and the federal court's actions on the notice of removal before asserting a claim of arbitration.  *See O'Donnell, supra*.

We disagree with the trial court's reasoning that the fact that the pleadings remained open when the Academy defendants raised arbitration supports a finding against waiver.  *See, e.g., GE Lancaster Investments, LLC v. American Exp. Tax and Business Services, Inc.*, 920 A.2d 850, 854, 855 (Pa.Super. 2007) (stating "we find nothing in these cases which would limit the finding of waiver where the party seeking the right to pursue arbitration has availed itself of the judicial process prior to the filing of a complaint"; "a party may accept the judicial process prior to the filing of a

complaint by attempting to win favorable rulings from the trial court on pre-complaint discovery motions so as to undermine the opposing party's ability to file a proper complaint"). Similar to the appellant in **Samuel J. Marranca, supra**, the Academy defendants waited until the court ruled on their preliminary objections to assert a claim of arbitration. Likewise, the Academy defendants' preliminary objections based on improper venue and their notice of removal to federal court suggest the Academy defendants were initially ready to litigate the claims in court (as opposed to in arbitration), so long as the jurisdiction was not in the Philadelphia County Court of Common Pleas. **See Samuel J. Marranca, supra**.

The record makes clear that the Academy defendants' failure to raise the issue of arbitration promptly caused almost a full year delay in proceeding to arbitration. The fact that the Academy defendants allowed the preliminary objection process to proceed for months, with the arbitration argument at the ready, involves a conscious engagement with the judicial process that this Court cannot ignore.[9] **See O'Donnell, supra** at 1188-89.

---

[9] To the extent the Estate claims the Academy defendants were required to raise their claim of arbitration in preliminary objections, we reject that position. Although a party can assert a claim of arbitration in preliminary objections, a party can also assert a claim of arbitration in a petition to compel arbitration or in the new matter. **See** Pa.R.C.P. 1028(a)(6), *Note* (stating agreement to arbitrate may be asserted by preliminary objection or by petition to compel arbitration); Pa.R.C.P. 1030(a) (stating all affirmative defenses including but not limited to arbitration and award shall be pleaded in responsive pleading under heading "new matter"). As the Academy

- 20 -

Further, the Academy defendants' tactical maneuvers prejudiced the Estate. Had the Academy defendants raised the arbitration provision in their preliminary objections filed on February 13, 2018, the Estate would have been spared the time, effort, and expense of filing a response to those preliminary objections, engaging in pre-trial discovery with the Academy defendants regarding venue,[10] and filing a motion to remand the case from federal court to state court. *See O'Donnell, supra*. Similarly, the Philadelphia County Court of Common Pleas would have been spared the time and effort of reviewing the Academy defendants' preliminary objections on improper venue, the Estate's response, and hearing argument from the Academy defendants in support of their position at the hearing on venue. Likewise, the Eastern District of Pennsylvania would have been spared the time and effort of reviewing the Academy defendants' notice of removal and the Estate's motion for remand. *Id.*

In addition to the costs the Estate has incurred in litigating its claims in court against the Academy defendants, the trial court's order now requires the Estate to reinitiate some of its claims in arbitration, which will generate additional costs for the Estate. *See Goral, supra*. *See also GE Lancaster*

---

defendants raised their claim of arbitration in a motion to compel arbitration and in their new matter to the Estate's complaint, we do not find waiver of their claim of arbitration on this basis.

[10] We recognize the Estate would have still incurred the time and expense of litigating Ski Shawnee's preliminary objections.

- 21 -

***Investments, supra*** (explaining that to allow appellant to pursue arbitration would unfairly prejudice appellees because, in addition to costs incurred to date, they would be required to commence legal proceedings in arbitration and incur additional costs). Additionally, the arbitration provision provides that "the prevailing party shall be reimbursed for the costs of arbitration and litigation, including any legal fees." (Enrollment Contract, dated 3/20/16, at ¶5; R.R. at 40a, 52a). A reasonable interpretation of this provision suggests that if the Academy defendants prevailed in arbitration, the Estate would be responsible not only for the costs of arbitration, but also for the full year of litigation against the Academy defendants before they asserted a claim of arbitration.

Based upon the foregoing, we conclude the Academy defendants accepted judicial process in this case and waived their claim of arbitration.[11] Accordingly, we reverse the portion of the trial court's order sending any claims to arbitration, affirm the order in all other respects, and remand for further proceedings in the trial court.

Order reversed in part, affirmed in part. Case remanded. Jurisdiction is relinquished.

---

[11] Consequently, we decline to address the Estate's remaining issues or the Academy defendants' issue on appeal, which all relate to the validity and scope of the arbitration agreement. ***See O'Donnell, supra*** (declining to address claim that enforceable arbitration agreement existed based on this Court's holding that appellee waived claim of arbitration).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/27/2020</u>